OPINION OF THE COURT
John D. Doyle, J.
The three defendants stand charged under indictment No. 924 for criminal possession of stolen property in the second degree; unlawful possession of a loaded firearm in a motor vehicle; four counts of criminal mischief in the fourth degree; and criminal possession of a weapon in the fourth degree.
The alleged facts are as follows: On or about August 10, 1985 in Henrietta, New York, Monroe County Sheriff’s Deputies investigated a call from a citizen regarding a suspicious vehicle in the area of a motel parking lot. As the vehicle was pulling out of a parking lot, the Deputies followed it, with their flashers on, and observed that objects were being thrown out of the vehicle. The vehicle then pulled over and the Deputies found four individuals in the vehicle, a loaded rifle and a slingshot.
All three defendants have requested material pursuant to Brady v Maryland (373 US 83 [1963]) and the People have responded by providing information concerning Mr. Edward Lee who allegedly entered a guilty plea to a misdemeanor charge pertaining to the same criminal act underlying indictment No. 924 in exchange for his testimony against these defendants. Defendant Chambers, however, has requested a Division of Criminal Justice Services report (NYSIS) on Mr. Lee in addition to what has already been provided. Defendant Chambers maintains Mr. Lee has at least one criminal conviction and one pending criminal action.
Defendant relies on Brady (supra) for authority. The People have already provided defendant with a NYSIS which revealed Mr. Lee’s prior criminal conviction, but not the pending charge. The People contend they have no knowledge of the pending charge and, therefore, have no obligation to produce a current NYSIS, which may reflect its existence, under CPL 240.45. This court finds that Mr. Lee’s NYSIS is indeed Brady material, thus, the People are obligated to produce it. This court also notes that the Criminal Procedure Law’s discovery provisions are in conflict with Brady (supra) and its progeny on this point as well as in conflict with one another.
The People must disclose evidence which is favorable to the accused and material to either guilt or punishment; that is, *746 exculpatory evidence. (Brady v Maryland, supra, p 87.) This rule is based upon the requirement of due process and aimed at the evil of unfair trials for an accused not apprised of such information. (United States v Bagley, 473 US —,---, 87 L ed 2d 481, 489-490 [1985].) In Bagley, the accused requested the Federal contract between the prosecution witness and the Government specifying consideration paid for testimony and information concerning the accused. The Government failed to disclose this evidence before trial. (Supra, p —, 87 L ed 2d, at p 486.) Defendant alleged the Government’s failure to disclose the evidence denied him impeachment evidence and violated his right to due process under Brady. (Supra, p —, 87 L ed 2d, at p 487.) The Supreme Court noted that " '[t]he jury’s estimate of the truthfulness and reliability of a given witness may well be a determinative of guilt or innocence, and it is upon such subtle factors as the possible interest of the witness in testifying falsely that a defendant’s life or liberty may depend’ ” (supra, p —, 87 L ed 2d, at p 490, citing Napue v Illinois, 360 US 264, 269 [1959]). Therefore, impeachment evidence shall fall within the Brady rule because it is evidence favorable to the accused. (Supra, p —, 87 L ed 2d, at p 490.)
Here, defendant Chambers requests a record of conviction and verification of a pending criminal action concerning a prosecution witness, Mr. Lee. The position of the witnesses in Bagley (supra) is sufficiently similar to Mr. Lee’s position. The Bagley witnesses worked undercover by agreement with the Government to provide incriminating evidence against Bagley; they were informants. (Supra, p —, 87 L ed 2d, at p 486.) Mr. Lee will provide incriminating evidence based upon an agreement struck some time between the alleged crimes and the indictment; he was a potential codefendant. The evidence of the conviction and the pending criminal action will be used to impeach Mr. Lee if the People call him to the stand just as the evidence in Bagley could have been used against the prosecution’s witnesses to impeach them. Because this evidence "may make the difference between conviction and acquittal”, that is, it is material, it must be provided as Brady material pursuant to Bagley. (Supra, p —, 87 L ed 2d, at p 490.) Under New York State’s present statutory scheme, however, the People’s obligation to provide the NYSIS appears unclear.
CPL 240.45 provides for discovery, upon trial, of prior statements by, and criminal histories of, witnesses. Specifically, the People shall make available to the defendant a *747 record of judgment of conviction (CPL 240.45 [1] [b]) and the existence of any pending criminal action (CPL 240.45 [1] [c]) if known by the prosecution to exist.[1] The provisions of CPL 240.45 (1) (b) and (1) (c), however, "shall not be construed to require the prosecutor to fingerprint a witness or otherwise cause the division of criminal justice services or other law enforcement agency or court to issue a report concerning a witness.” (CPL 240.45 [1].) The Legislature intended to codify the landmark case of People v Rosario (9 NY2d 286, cert denied 368 US 866 [1961]) by promulgating this provision. (1979 McKinney’s Session Laws of NY, at 1890; L 1979, ch 412, § 2.) Governor Carey applauded the passage of the new discovery statute as a procedure designed to "[reduce] [t]he element of surprise in criminal trials” and the inherent unfairness in such surprise. (Op. cit., at 1801.) He viewed the procedure as "evenly balanced” thus avoiding "any undue advantage to either side in a criminal proceeding.” (Op. cit., at 1801.) On its face, however, this provision appears to prohibit the People from causing the Division of Criminal Justice Services (DCJS) to produce a NYSIS, the advantage being in the People’s favor as the defense has no access to the DCJS data.[2] It was not until 1982 that the Legislature enacted a discovery provision which truly reflected the desired intent expressed by Governor Carey and the Legislature in 1979.
Pursuant to CPL 240.44 (2) and (3) "each party, at the conclusion of the direct examination of each of its witnesses [at a pretrial hearing], shall * * * make available * * * [a] record of a judgment of conviction * * * [and/or] [t]he existence of any pending criminal action” if either is known by the prosecutor or defendant to exist. This provision, however, is devoid of any language even remotely similar to that of CPL 240.45 which would prohibit the People from causing the DCJS to produce a report of a witness’ criminal history. The anomaly created by CPL 240.44’s enactment is the "evenly *748 balanced” discovery procedure available to the parties at the pretrial hearing stage, and the balance in favor of the prosecution at trial under CPL 240.45 which denies the defense a DCJS’ report.
"It is a familiar canon of statutory construction that apparently conflicting statutory provisions should be harmonized in a manner that preserves the essential purposes of both” (Matter of Sun Beach Real Estate Dev. Corp. v Anderson, 98 AD2d 367, 369 [2d Dept 1983], affd 62 NY2d 965 [1984]; Matter of Luis R., 98 Misc 2d 994, 997 [Fam Ct, NY County 1979]; McKinney’s Cons Laws of NY, Book 1, Statutes §98 [b]). Where there is an irreconcilable conflict, however, there may be a necessary rejection of a subordinate and secondary provision to preserve the paramount intention of the Legislature. (McKinney’s Cons Laws of NY, Book 1, Statutes § 98 [b].) The essential purpose of both statutes is disclosure designed to avoid any "undue advantage to either side in a criminal proceeding.” (Op. cit., at 1801.) The Legislature composed CPL 240.44 in an evenly balanced fashion; defendant and prosecution possess the same burden of disclosure with equal access to the source of information pertaining to the criminal history of a witness. But for the language in CPL 240.45 (1), both sides would also possess the same burden of disclosure upon trial. Thus, based on the canons of statutory construction, the portion of CPL 240.45 (1) prohibiting the court from construing CPL 240.45 (1) (b) and (1) (c) to cause the DCJS to issue a report of a witness must be rejected.
In conclusion, defendant is entitled to a NYSIS upon trial and nothing under the CPL can be construed to prohibit the People from causing the DCJS to produce one.

. "[I]s known by the prosecutor to exist” poses no problem here as defendant’s counsel, as an officer of the court, contended Mr. Lee possessed a criminal history of impeachment value to the defendant and informed the People of its existence. Defendant’s contention as an officer of the court that a prosecution’s witness possesses a criminal history is sufficient to put the prosecution on notice that one does indeed exist. (See, People v Phillips, 92 AD2d 738, 739 [4th Dept 1983].)

. Only "qualified agencies” have access to the DCJS’ data facility. (Executive Law § 837 [6].) The District Attorney’s office, the courts and the various law enforcement agencies are "qualified agencies” (Executive Law § 835 [9]).