■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT BUCKLEY, Appellant.—Judgment unanimously affirmed. Memorandum: On appeal from conviction of criminal possession of stolen property in the second degree and related crimes, defendant raises several claims, none requiring reversal. The court properly refused to charge third degree criminal possession of stolen property as a lesser included offense because there was no reasonable view of the evidence that could have supported such a charge (see, People v Glover, 57 NY2d 61; People v Green, 56 NY2d 427, rearg denied 57 NY2d 775). The police had reasonable suspicion to attempt to stop defendant's vehicle initially because it matched the description of a car involved in prior related incidents and because the police heard a radio bulletin regarding suspicious activity of defendant's car (see, People v Ingle, 36 NY2d 413, 418; cf., People v Sobotker, 43 NY2d 559; People v Spicer, 105 AD2d 1100). The People were not obligated to present the testimony of the sending officer at the suppression hearing to establish reasonable suspicion to stop the vehicle (see, People v Landy, 59 NY2d 369, 376-377; People v Mack, 26 NY2d 311, 315-317, cert denied 400 US 960) and could justifiably rely on the information relayed by the radio communication from another police officer (see, People v Petralia, 62 NY2d 47, 51-52, cert denied 469 US 852). The radar detectors thrown from the car windows during police pursuit were abandoned and not seized as the product of any illegal police activity because the police had a right to stop and check defendant's car (see, People v Boodle, 47 NY2d 398, 404, cert denied 444 US 969). During pursuit of the car the police officer's reasonable suspicion ripened into probable cause and when the car was ultimately stopped defendant was properly arrested, the car was properly searched without a warrant and the evidence seized pursuant to the search was properly admitted at trial. Addressing defendant's remaining claims, we conclude that the evidence of value was legally sufficient, the evidence of uncharged crimes did not deprive defendant of a fair trial and the first count of the indictment was not duplicitous (see, People v Loret, 136 AD2d 316, 317). (Appeal from judgment of Supreme Court, Monroe County, Doyle, J.—criminal possession of stolen

property, second degree, and other charges.) Present—Dillon, P. J., Doerr, Green, Pine and Davis, JJ. *[See,* 131 Misc 2d 744.]