■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GENE D. HENRY, Appellant.—Judgment unanimously reversed on the law and indictment dismissed. Memorandum: The judgment of conviction for driving while intoxicated must be reversed because the police were not justified in stopping defendant's automobile. The police are justified in stopping a motor vehicle pursuant to a nondiscriminatory uniform highway procedure or when they have "specific cause or, at least, *reasonable* suspicion that a motorist is about to violate a law" *(People v Sobotker,* 43 NY2d 559, 563). The only possible offense that the officer could have suspected the occupant of the automobile to have committed would be harassment. Harassment requires either physical contact or the threat of physical contact (Penal Law § 240.25 [1]), abusive or obscene language or an obscene gesture in a public place (Penal Law § 240.25 [2]; *see, People v Dietze,* 75 NY2d 47 [holding that

subdivision (2) of Penal Law § 240.25 is unconstitutional]), or a course of conduct or repeated acts which alarm or seriously annoy a person and serve no legitimate purpose (Penal Law § 240.25 [5]; *People v Valerio,* 60 NY2d 669; *People v Otto,* 40 NY2d 864; *People v Chasserot,* 30 NY2d 898). Although there was evidence at the suppression hearing that the police saw one of the passengers hanging out of the window of the motor vehicle apparently making some remark to the alleged victim who was on the sidewalk nearby, there was no evidence by which the police could reasonably suspect the defendant of committing harassment under Penal Law § 240.25. (Appeal from judgment of Cayuga County Court, Corning, J.—felony driving while intoxicated.) Present—Doerr, J. P., Boomer, Green, Balio and Davis, JJ.