■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TERRELL KNIGHT, Appellant.—Judgment unanimously affirmed. Memorandum: Defendant's burglary and larceny convictions arose out of an incident that occurred on October 7, 1987 at 77 Hobart Street in the City of Rochester. A watch taken from the Hobart Street address was found on defendant's person on October 9, 1987, as he was being questioned by police concerning his presence at a warehouse at 102 Sherer Street earlier that day.

At the suppression hearing, Rochester Police Officer Montalvo testified that on October 9, 1987 he received a police radio broadcast of an incident that had just occurred at the Sherer Street address. The radio bulletin included a detailed description of a person who had been seen running from the warehouse. Approximately 20 minutes later, the officer observed defendant, who matched the description, walking along a street approximately one mile away from the Sherer Street

address. While remaining in his vehicle, the officer approached defendant and asked him for identification. Defendant complied and asked the officer why he had been stopped. The officer got out of his vehicle and told defendant that he was investigating an incident and that a person matching defendant's description was observed running from the scene. The officer asked defendant if he would accompany him to the Sherer Street address, and defendant agreed. He was transported to 102 Sherer Street where he was positively identified as the intruder. He was placed under arrest for criminal trespass in the third degree (Penal Law § 140.10) and was taken to the police station where he admitted his complicity in the Hobart Street burglary.

The court properly denied defendant's suppression motion. The initial police intrusion was supported by a "founded suspicion" of criminal activity, thus activating the common-law right to inquire (People v De Bour, 40 NY2d 210, 215; People v La Pene, 40 NY2d 210, 223). The officer justifiably relied upon the content of the radio communication from another police officer in which the description of the person sought matched that of the defendant. The People were not required to present the testimony of the officer who transmitted the radio broadcast (see, People v Landy, 59 NY2d 369, 376-377; People v Mack, 26 NY2d 311, 315-317, cert denied 400 US 960; People v Buckley, 147 AD2d 898, affd 75 NY2d 843).

The record fully supports the hearing court's finding that defendant voluntarily consented to return to the scene with Officer Montalvo. In the circumstances presented, a reasonable person, innocent of any crime, would not have thought that he was in custody (see, People v Yukl, 25 NY2d 585, 589, cert denied 400 US 851; People v Tucker, 140 AD2d 887, 890, lv denied 72 NY2d 913; People v Baird, 111 AD2d 1044, lv denied 66 NY2d 761). When the positive identification of defendant was made at the scene, the police had probable cause to arrest the defendant.

We have reviewed defendant's remaining contention and find it to be without merit. (Appeal from judgment of Monroe County Court, Wisner, J.—burglary, second degree.) Present— Dillon, P. J., Green, Lawton, Davis and Lowery, JJ.