■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRIAN D. BECKWITH, Appellant.—Judgment unanimously affirmed. Memorandum: Defendant contends that the People failed to establish reasonable cause for the stop of his automobile prior to his arrest on charges of driving while intoxicated and aggravated unlicensed operation of a motor vehicle. We disagree. The police suspected that defendant's driver's license had been revoked and, as they followed defendant's vehicle, that information was confirmed by radio transmission. Defendant's vehicle was also observed weaving in its lane. The stop was thus properly based upon specific and articulable facts which reasonably warranted the intrusion (see, People v Sobotker, 43 NY2d 559; People v Ingle, 36 NY2d 413). Defendant's claim that the People were required to present the testimony of the officer who transmitted the radio broadcast is unpreserved (see, People v Dodt, 61 NY2d 408, 416; People v Weston, 56 NY2d 844; People v Jenkins, 47 NY2d 722) and without merit (see, People v Landy, 59 NY2d 369, 376-377; People v Mack, 26 NY2d 311, 315-317, cert denied 400 US 960; People v Knight, 162 AD2d 970; People v Buckley, 147 AD2d 898, affd 75 NY2d 843). (Appeal from judgment of Ontario

County Court, Henry, J.—felony driving while intoxicated.) Present—Dillon, P. J., Doerr, Boomer, Lawton and Davis, JJ.