OPINION OF THE COURT
David D. Egan, J.
This is an appeal from a judgment of the Greece Town Justice Court, County of Monroe (Rogers, J.), entered February 8, 1998, convicting the defendant-appellant of driving while ability impaired, in violation of Vehicle and Traffic Law § 1192 (1). The sole basis for this appeal is the lower court’s finding at a pretrial suppression hearing that the police had reasonable suspicion for the initial stop of defendant-appellant’s car, and probable cause for his arrest, which followed the stop. After the suppression hearing was resolved against him, defendant- *68 appellant entered a plea of guilty to driving while ability impaired in full satisfaction of all charges.
In a written decision dated February 8, 1999, the lower court found that the police were justified in stopping defendant-appellant’s automobile since the officer had a “reasonable opinion that the occupant of the vehicle * * * was committing or had committed a violation of the law justifying a stop.” This court reverses that decision.
The police are justified in stopping a motor vehicle pursuant to a nondiscriminatory uniform highway procedure or when they have “specific cause or, at least, reasonable suspicion that a motorist is about to violate a law” (People v Sobotker, 43 NY2d 559, 563 [1978]; People v Henry, 159 AD2d 990 [4th Dept 1990]).
When the police, using red turret lights, required the defendant-appellant to pull his car over, he was effectively “seized.” (See, People v Sobotker, supra, at 563; People v Ingle, 36 NY2d 413, 418 [1975]; see also, People v Cantor, 36 NY2d 106, 111 [1975].) The stop therefore was lawful only if the officer had a reasonable suspicion to believe that defendant-appellant had committed or was about to commit a crime. (See, People v Sobotker, supra; People v De Bour, 40 NY2d 210, 223 [1976].)
Officer Mary Beth Finewood of the Town of Greece Police Department testified that at 12:38 a.m. she was on routine patrol proceeding westbound on North Greece Road, a two-lane road, near Hincher Road, when she observed a car, also traveling westbound in front of her, twice “swerve” within its lane. She also recalled that on one occasion the driver’s front tire “[struck] the [center] dotted line.”
After following defendant-appellant’s car for approximately one-half mile, the officer activated her lights, and directed him to pull over. When the officer approached the defendant-appellant’s car, she smelled a strong odor of alcohol, and observed that defendant-appellant’s eyes were “somewhat blood-shot and glassy.” When asked, defendant-appellant told the officer he had five beers at a party. Ultimately, defendant-appellant was charged with violating Vehicle and Traffic Law § 1192 (3) (driving while intoxicated); § 1192 (1) (driving while ability impaired); and § 1120 (a) (driving left of center).
The officer’s testimony did not provide a sufficient basis for reasonable suspicion that criminal activity was afoot. The officer testified that the “swerving” she observed was confined to *69 defendant-appellant’s own lane. Staying within both the speed limit and one’s own lane of travel with nothing more does not justify an investigatory stop of a vehicle. It is not uncommon for a driver to weave to some extent within his lane, even when operating his car while not under the influence of drugs or alcohol.
As the Court of Appeals has noted “[w]e have frequently rejected the notion that behavior which is susceptible of innocent as well as culpable interpretation, will constitute probable cause * * * It is equally true that innocuous behavior alone will not generate a founded or reasonable suspicion that a crime is at hand.” (People v De Bour, 40 NY2d 210, 216 [1976], supra.)
Nor is this court persuaded by the People’s argument that the Fourth Department has found that weaving in one’s lane for less than one-half mile gives rise to reasonable suspicion justifying an investigatory stop. In People v Beckwith (163 AD2d 863 [4th Dept 1990]), relied upon by the District Attorney, not only was the defendant observed weaving in his lane, but the police suspected that the defendant’s driver’s license had been revoked and, as they followed defendant’s vehicle, a radio transmission confirmed their suspicions. Here the officer’s sole basis for suspicion was that defendant-appellant had “swerved” twice within his own lane of travel and struck the dotted center line once with his front tire. This court thus finds the stop was unlawful. To the extent the People v Ellis decision (169 AD2d 838 [2d Dept 1991]) is opposite, this court declines to follow it.
Accordingly, the judgment of the lower court denying defendant-appellant’s motion to suppress unlawfully seized evidence is reversed, and this matter remanded to that court for proceedings in keeping with this decision.