# Court of Appeals.

October 10, 1899.

## PEOPLE v. FRANK E. KLIPFEL.

1. INDICTMENT—DUPLICITY.

An indictment, containing but one count, and charging therein two distinct crimes, is bad for duplicity.

2. SAME—DEMURRER.

The objection not only may, but must be, taken by demurrer.

3. SAME—DUPLICITY.

The test by which to determine whether a single count in an indictment is bad for duplicity is, could the defendant under it be convicted of either one of the crimes charged therein, should the district attorney elect to waive the other ?

4. SAME.

The facts alleged in a single count of an indictment may disclose the commission of more than one crime by the defendant, and yet not contravene the statute, which does not undertake to cramp the pleader in his statement of the facts.

5. SAME.

Though the facts alleged describe two crimes, the defendant must also be charged with two crimes, in order to render the indictment bad for duplicity.

6. SAME.

Where the indictment describes the commission of certain acts that constitute a crime under section 672 of the Penal Code, it must charge that defendant committed such a crime, in order to support a conviction.

7. SAME.

A distinction between the crimes, provided for by sections 165 and 672, is that the first crime can be committed only by a public officer, while the second may be committed by a person who, in the form prescribed by law, presents for audit a false and fraudulent charge or claim against a municipal corporation.

Appeal from demurrer to the indictment was sustained by the trial court, but the appellate division reversed the case.

The defendant demurred to an indictment found against him by the grand jury of the county of Erie, on the ground, among others, "that more than one crime is charged in the indictment,

within the meaning of sections 278, 279, of the Code of Crimi-
nal Procedure." The trial court sustained the demurrer, and
the interlocutory judgment entered thereon was reversed by the
appellate division. The indictment reads as follows: "Supreme
Court, Erie County. The People of the State of New York
against Frank E. Klipfel. The grand jury of the county of
Erie by this indictment accuse Frank E. Klipfel of the crime
of knowingly auditing and allowing, and consenting to and
conniving at the auditing and allowing, of a false and fraudu-
lent claim and demand against a county, while then and there
being a public officer, a part of whose duties was to take part
in auditing claims and demands against such county, committed
as follows, to wit: That at all the times herein mentioned Frank
E. Klipfel was a duly elected, qualified, and acting public offi-
cer, to wit, a supervisor of the Sixth ward of the city of Buf-
falo, and a member of the board of supervisors of the county of
Erie, and that as such member of said board of supervisors the
said Frank E. Klipfel was at all times charged with the duty,
among others, of taking part in the auditing and allowing of
claims and demands upon said county of Erie. That one John
W. Neff was at all of such times the duly elected, qualified,
and acting county auditor of said county, and that the said
board of supervisors and the said county auditor were at all of
such times duly authorized to audit and allow claims and
charges against said county. That on the 6th day of October,
in the year of our Lord one thousand eight hundred and ninety-
six, at the city of Buffalo, in the said county of Erie, the said
Frank E. Klipfel feloniously did knowingly and corruptly in-
troduce, and cause to be introduced, vote for and cause to be
passed and adopted by said board of supervisors of said county,
at a session thereof duly and regularly called and held, a reso-
lution directing that an order be drawn on the county treasurer
of said county in favor of Henry L. Steiner, John P. Under-
hill, John H. Stock, George H. Blanchard, Frank E. Klipfel,
George F. Aberth, Philip Erbes, members of the committee on
almshouse and county hospital of said board of supervisors;
George W. Briggs, chairman of said board of supervisors; John
G. Schlotzer, keeper of the almshouse of said county; John W.

Neff, county auditor of said county; Edward J. Gilray, medical superintendent of the county hospital of said county,—for the necessary expenses, not to exceed seventy dollars ($70) each, theretofore incurred by the said Henry L. Steiner, John P. Underhill, John H. Stock, George H. Blanchard, Frank E. Klipfel, George F. Aberth, Philip Erbes, George W. Briggs, John G. Schlotzer, John W. Neff, and Edward J. Gilray in making an investigation pursuant to the direction of the said board of supervisors of a hospital in the city of New York; and the said Frank E. Klipfel, on the day and year last aforesaid, at the city of Buffalo, aforesaid, feloniously did knowingly and corruptly make and prepare and verify, under his oath then and there duly taken, and cause to be made, prepared, and verified by his said oath, and then and there feloniously did knowingly and corruptly present, and cause to be presented, for audit and allowance, to the said John W. Neff, as such county auditor, who then and there audited and allowed the same, a false and fraudulent accoint, bill, and voucher against the county of Erie, a municipal corporation, in the words and figures following, to wit:

" ' The County of Erie, Department of Board of Supervisors, to Frank E. Klipfel, Dr.

| 1896. | Order. | Items. | Price. | Amount |
|---|---|---|---|---|
| Oct. 6. To expenses as per relative to New York Consumptive Hospital as per resolution of the board.......................... | | | | $70 00' " |

Tracy C. Becker, for appellant.

Thomas Penney, Dist. Att'y, for the People.

PARKER, C. J. (after stating the facts).—An indictment containing but one count, and charging therein two distinct crimes, is bad for duplicity. Code Cr. Proc. §§ 278, 279. The objection not only may, but must, be taken by demurrer. People v. Tower, 135 N. Y. 457; 32 N. E. 145. The object of the statute is to contribute towards that general policy of the law that aims to apprise a person charged with crime of the exact

nature of the case that the people will attempt to prove against him, to the end that he may make full preparation to meet it. The test by which to determine whether a single count in an indictment is bad for duplicity is, could the defendant under it be convicted of either one of the crimes charged therein, should the district attorney elect to waive the other? The facts alleged in a single count of an indictment may disclose the commission of more than one crime by the defendant, and yet not contravene the statute, which does not undertake to cramp the pleader in his statement of the facts, but does say to him, "Your indictment shall charge in a single count but one crime."

The office of an indictment, under our statutes, is pointed out by this court in People v. Dumar, 106 N. Y. 502–509; 13 N. E. 325, as twofold: First, it must charge the crime of which the defendant is accused (section 254, Code Cr. Proc.); and, second, it must contain a plain and concise statement of the act constituting the crime (section 275, id.). "The omission of either of these things would necessarily be fatal to the indictment. If there was no accusation of a crime, the paper, however formal in other respects, would not be an indictment, and so there would be no criminal action. If it contained no statement of the act constituting the crime, there would be no description of the offense, and neither an acquittal nor a conviction would enable the defendant to withstand a further prosecution for the same crime." The court, further, in support of its construction of the provisions of the Criminal Code relating to the contents of an indictment, invoked section 276, which gives the form of an indictment, and provides, first, for charging the defendant with the commission of a particular crime, and then provides for a description of the acts constituting it. The doctrine of that case was reaffirmed by this court in People v. Stark, 136 N. Y. 541; 32 N. E. 1046, and cited with approval in People v. Peckens, 153 N. Y. 586; 47 N. E. 885.

Applying the test to which we have referred to this indictment, it discloses that two crimes are not charged therein. The facts alleged describe two crimes, but, as we have seen, the defendant must also be charged with two crimes in order to ren-

der the indictment bad for duplicity. Turning to the indictment, we observe, at the very outset, that the draftsman, in compliance with the statutes, as construed in our decision in Dumar's Case, charged the defendant with the crime of knowingly auditing and allowing, and consenting to the allowance of, a false and fraudulent claim against the county, while acting in his capacity as a public officer,—a crime declared to be a felony by section 165 of the Penal Code. Having named the crime of which the defendant was accused by the grand jury, the indictment next proceeded to describe the acts constituting the crime, and it alleged, in effect, that while the defendant was a supervisor of one of the wards in the city of Buffalo, and therefore a member of the board of supervisors of the county of Erie, and hence charged with the duty, among others, of auditing and allowing claims against the county of Erie, " he feloniously did knowingly and corruptly introduce, and cause to be introduced, vote for and caused to be passed and adopted by said board of supervisors of said county, * * * a resolution directing that an order be drawn on the county treasurer of said county in favor of " several persons therein named, for the necessary expenses, not to exceed $70, theretofore incurred by such persons. Had the indictment stopped there, the opportunity for this controversy would not have arisen, but it next proceeded to allege that the defendant " feloniously did knowingly and corruptly make and prepare and verify under his oath then and there duly taken, and cause to be made, prepared, and verified by his said oath, and then and there feloniously did knowingly and corruptly present, and cause to be presented, for audit and allowance, to the said John W. Neff, as such county auditor, who then and there audited and allowed the same, a false and fraudulent account, bill, and voucher against the county of Erie." The acts thus described constitute a felony, under section 672 of the Penal Code. A distinction between these crimes, provided for by sections 165 and 672, is that the first crime can be committed only by a public officer, while the second may be committed by any person who, in the form prescribed by law, presents for audit a false and fraudulent charge or claim against a municipal corporation. Now,

while the indictment describes the commission of certain acts
that constitute a crime under section 672 of the Penal Code, it
does not charge that the defendant committed such a crime, as
the indictment must, as we have already seen, in order to sup-
port a conviction for such a crime. And so had this demurrer
not been interposed, and had the district attorney proceeded to
the trial of the defendant under the indictment, and had failed
to make out a case against him as charged in the first part of
the indictment, by omitting to prove that he voted for the reso-
lution, or by failing to prove some other act necessary to a con-
viction of the defendant for that crime, but had proved the facts
alleged in the latter part of the indictment stating a crime,
within section 672 of the Penal Code, and had then insisted
that he was entitled to a conviction of the defendant for having
violated the latter section of the Code, the court would have
been obliged to deny the claim of the district attorney on the
ground that, while the facts constituting that crime were stated
in the indictment, the defendant was not charged therein with
having committed such a crime, and hence the indictment
would not support a judgment of conviction for such offense.
People v. Dumar, *supra.* The order should be affirmed, with
leave to plead given.

All concur.

Order affirmed.

## NOTE ON INDICTMENT.

ARSON.—Intent to destroy the building need not be charged
in the indictment, nor proved upon the trial. People v. Fan-
shawe, 10 N. Y. Cr. 291 ; 137 N. Y. 68 ; 50 S. R. 1.

COMMITTED IN TWO COUNTIES.—Where a crime has been
partly committed in one county and partly in another, the case
falls within the provision of section 134 of the Code of Crimi-
nal Procedure, and either county has jurisdiction. People v.
Thorn, 12 N. Y. Cr. 236.

COMMON LAW COUNTS.—An indictment in common law form,
stating the facts constituting the crime and charging the killing
to have been done willfully, feloniously and with malice afore-
thought, is sufficient to sustain a conviction of murder in the
first degree, if the proof as to the manner of the commission of