1. **Indictment and information ⚖➥189(8)—Negligent homicide of first degree does not include such homicide of second degree.**

Charge of negligent homicide of first degree cannot include such homicide of second degree, nor vice versa, under Code Cr. Proc. 1911, art. 772.

2. **Criminal law ⚖➥199—One charged with negligent homicide in second degree and convicted of such homicide in first degree cannot be again tried for second degree.**

Where accused was charged in several counts only with negligent homicide in second degree, but judge submitted first degree to jury, and conviction for that degree followed, defendant could not again be tried for negligent homicide in second degree; verdict being tantamount to acquittal under counts charging second degree.

Appeal from Wichita County Court at Law; Guy Rogers, Judge.

J. C. Hampton was convicted of negligent homicide and appeals. Reversed and remanded.

Bonner, Bonner & Sanford, of Wichita Falls, for appellant.

Tom Garrard, State's Atty., and Grover C. Morris, Asst. State's Atty., both of Austin, for the State.

LATTIMORE, J. Appellant was convicted in the county court at law of Wichita county of negligent homicide, and his punishment fixed at a fine of $1,000. This is the second appeal of this case. See 92 Tex. Cr. R. 441, 244 S. W. 525.

[1, 2] The question of jeopardy is presented and, from our conclusion thereon, seems decisive of this appeal. The facts supporting the plea of jeopardy are agreed. Appellant was put on trial at a former term upon the same complaint which forms the basis of the present prosecution. Each of the three counts therein charged negligent homicide in the second degree. There was no count charging negligent homicide of the first degree. All three of said counts were read to the jury, and to each and all of them appellant pleaded not guilty, upon the first trial. After hearing the evidence, the learned trial judge submitted in his charge to the jury the law of negligent homicide of both the first and second degree, telling the jury what to do in case they found him guilty of either offense. He was found specifically guilty of negligent homicide of the first degree. Under the unbroken line of authorities in this state this was tantamount to an acquittal under each of the three counts charging him with negligent homicide in the second degree. Betts v. State, 60 Tex. Cr. R. 631, 133 S. W.

251; Hewitt v. State, 74 Tex. Cr. R. 46, 167 S. W. 40; Millner v. State, 75 Tex. Cr. R. 22, 169 S. W. 899; Parks v. State, 46 Tex. Cr. R. 105, 79 S. W. 301; Elliott v. State, 49 Tex. Cr. R. 435, 93 S. W. 742; Stephens v. State, 36 Tex. Cr. R. 386, 37 S. W. 425. As we view the matter there can be no application to the instant case of the doctrine of article 772 of our C. C. P., which makes certain offenses include others. A charge of negligent homicide of the first degree cannot include such homicide of the second degree, nor vice versa. The distinction between the two offenses rests upon the proposition as to whether the accused at the time of the homicide was engaged in a lawful enterprise, acting negligently, or whether he was engaged in an unlawful enterprise. Both offenses are misdemeanors and may be charged in the same indictment by separate counts, and both may be submitted to the jury without election. However, the pleader in this case did not see fit to insert any count charging negligent homicide of the first degree; but, by reason of the learned trial judge's submission to the jury of an offense not charged, they saw fit to acquit appellant of the offense for which he is now here convicted. Such a conviction cannot legally stand. The state's attorney before our court has admitted that the conviction is erroneous.

We are compelled to agree with him, and the judgment will be reversed, and the cause remanded.

---

## BUSSELL v. STATE. (No. 8184.)

(Court of Criminal Appeals of Texas. Oct. 8, 1924.)

1. **Criminal law ⚖➥27—Receiving property of aggregate value of $60 held a felony, though stolen in separate parcels.**

If accused, in single transaction, received 12 spools of wire of aggregate value of $60, knowing them to have been stolen, he was guilty of felony, regardless of whether property was originally stolen in separate parcels, each of which was of less value than $50.

2. **Criminal law ⚖➥27—On conflicting evidence, charge that, if reasonable doubt existed as to grade of offense, to convict of misdemeanor, should have been given.**

In prosecution for receiving stolen goods, where evidence conflicted as to value of goods, instruction that, if evidence created reasonable doubt as to whether offense was felony or misdemeanor, accused, if convicted, should be found guilty of misdemeanor, should have been given.

3. **Criminal law ⚖➥361(1)—Testimony explaining absence of party from whom accused claimed to have acquired goods, admissible.**

In prosecution for receiving stolen goods, in which accused claimed to have traded for them, testimony accounting for absence of per-

---

⚖➥For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

son from whom he got them, by showing that he was in penitentiary, should have been admitted.

Appeal from District Court, Parmer County; Reese Tatum, Judge.

Bill Bussell was convicted of receiving stolen property, and he appeals. Reversed and remanded.

A. B. Crane, of Farrell, and Williams & Martin, of Plainview, for appellant.

Tom Garrard, State's Atty., and Grover C. Morris, Asst. State's Atty., both of Austin, for the State.

MORROW, P. J. The offense is receiving stolen property; punishment fixed at confinement in the penitentiary for a period of two years.

It is charged that the appellant received 12 spools of barbed wire of the aggregate value of $60, being the property of Elbert Overton and having been previously stolen from him by some unknown person.

Overton, the owner of 27 spools of barbed wire, of the average value of $5 per spool, had distributed them upon a tract of land with the intention of constructing a fence. They remained exposed to the weather for many months, and about a year after they were distributed, Overton missed all of the spools of wire except 3. Twelve of them were found in the possession of the witness Phillips. The 12 spools of wire which Phillips had purchased from the appellant were identified by Overton as part of the property mentioned. Appellant testified and admitted that he had delivered the 12 spools of wire to Phillips, but denied that he had taken any part in the theft of them from Overton. He claimed that he had purchased them from one Jones who had them in his possession. At the time of their purchase, appellant had no knowledge that they had been stolen.

The indictment contained two counts: One charging the appellant with the theft of property; the other, with its fraudulent receipt. He was acquitted of theft, but was found guilty of receiving the property knowing it to have been stolen from some person unknown to the grand jurors.

The evidence of the theft was circumstantial, as was also the identity of the thief.

[1] Appellant advanced the proposition that if the thief originally stole the property in separate parcels, each of which was of a value less than $50, the grade of the appellant's offense would not be a felony but a misdemeanor. We are not able to concur in this position. If the appellant in a single transaction received 12 spools of wire of the aggregate value of $60 knowing them to have been stolen, he was guilty of a felony. The evidence develops a conflict touching the value of the wire which the appellant received. From the evidence the jury would have been authorized to find that the aggregate value of the 12 spools of wire possessed by the appellant did not exceed $40. The evidence would also support the conclusion that the value exceeded $50.

[2] The court instructed the jury that before they could convict the appellant of a felony, they must believe that the value of the property received by him exceeded $50.

Exception to the charge was presented and reserved on the ground that there was a failure to instruct the jury that if the evidence left in their minds a reasonable doubt as to the grade of the offense, that is, whether a felony or a misdemeanor, that the doubt should be resolved in favor of the appellant, and that if convicted, it should be of a misdemeanor. This phase of the law seems not embraced in the main charge nor in any of the special charges given. As stated above, there is evidence requiring the court to instruct the jury upon both grades of the offense, depending upon the value of the property, and such an instruction was given. Where the facts pertinently raise such an issue, it is the duty of the court to instruct the jury as suggested in the exception mentioned. See Richardson v. State, 91 Tex. Cr. R. 318, especially the motion for rehearing, page 325, 239 S. W. 218, 222, 20 L. R. A. 1249, and cases cited.

Appellant testified that when he first saw the wire which he sold to Phillips, it was in a wagon under the control of Clive Jones; that he acquired the wire by exchanging other property for it. Appellant introduced some testimony corroborative of his own upon this subject. The truth of this statement coming from the appellant was doubtless the subject of question by the jury, particularly as the state introduced as impeaching the appellant the fact that he had been charged with other offenses. In the cross-examination of both the appellant and his witness, suspicion was thrown upon their veracity.

[3] Appellant sought to account for the absence of Jones' testimony by showing that he was in the penitentiary. It was proper and important that the appellant should show that Jones was not available to him as a witness. The proffered testimony was apparently relevant upon this issue and should have been admitted.

For the errors pointed out, the judgment is reversed, and the cause remanded.