THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v DAVID LORET and ABRAHAM QUINONES, Respondents.

Fourth Department, April 8, 1988

APPEARANCES OF COUNSEL

*Howard R. Relin, District Attorney (Elizabeth Clifford* of counsel), for appellant.

*Edward Nowak (Jeffrey Wicks* of counsel), for David Loret, respondent.

*Sam Schwartz* for Abraham Quinones, respondent.

### OPINION OF THE COURT

BOOMER, J.

County Court dismissed the one-count indictment charging defendants with criminal possession of stolen property in the fourth degree as duplicitous (136 Misc 2d 70). The People appeal.

The indictment alleges that defendants, on a certain date, in Monroe County, New York, unlawfully possessed stolen property consisting of a number of listed items belonging to four different owners, and that the value of the property exceeded $1,000. In dismissing the indictment, County Court wrote that the charge of criminal possession of stolen property is based upon the definition of stolen property, and thus the definition of larceny. Larceny is defined as taking or withholding property from an owner thereof, which means a single owner. The court concluded, therefore, that possession of property stolen from various owners cannot be considered as a single crime.

We disagree, and we hold that the indictment charges but one crime. Although separate thefts from various owners cannot be considered together as one act of grand larceny *(see, People v Thiel,* 26 AD2d 897), possession at one time and place of several items taken in separate thefts from various owners is but one crime of criminal possession of stolen property. Unlike the crime of larceny, which is committed when and where the property is stolen, the crime of criminal possession of stolen property is committed when and where the property is possessed. "The relationship between a thief and his fence presents a special situation in which for pragmatic as well as legal reasons both the two crimes and the two criminals must be viewed discretely." *(People v Brooks,* 34 NY2d 475, 478; *see also, People v Spivak,* 237 NY 460, 462; *People v Berger,* 142 Misc 178, 184.)

Defendants argue that, by definition, the crime of criminal possession of stolen property consists of possession of property of a single owner. By definition, a person is guilty of that crime "when he knowingly possesses stolen property, with intent to benefit himself or a person other than *an owner thereof* or to impede the recovery by *an owner thereof*" (Penal Law § 165.45; emphasis added). This argument places undue reliance upon the use of the singular number. General Con-

struction Law § 35 provides that "[w]ords in the singular number include the plural, and in the plural number include the singular." This rule of construction "is applicable to every statute unless its general object, or the context of the language construed, or other provisions of law indicate that a different meaning or application was intended" (General Construction Law § 110). Neither the general object nor the context of the language used in Penal Law § 165.45 indicates that the Legislature intended differently, and therefore the word "owner", as used in that section, must be construed to include "owners".

The legislative history of Penal Law § 165.45 does not indicate any intent to depart from the common-law rule concerning the relationship between the crime of criminal possession and the crime of larceny. At common law, larceny was not strictly an element of the crime of receiving stolen goods, but only a prerequisite which must be connected with the receiving by knowledge or good ground to believe that the property had been stolen *(People v Zimmer,* 174 App Div 470, 471, *affd* 220 NY 597). The time and place of the theft need not have been stated in the indictment since it was not essential to a description of the crime (76 CJS, Receiving Stolen Goods § 15 [a]). Where several articles of stolen property were received from the thieves at the same time and as part of the same transaction, the punishment was to be determined by the aggregate value of the goods (76 CJS, Receiving Stolen Goods § 23 [b]), even though the goods were stolen at different times *(Bussell v State,* 98 Tex Crim 170, 171-172, 265 SW 164, 165), and from different owners *(People v Smith,* 26 Cal 2d 854, 859, 161 P2d 941, 943; *People v Lyons,* 50 Cal 2d 245, 275, 324 P2d 556, 573).

The present statute was derived from former Penal Law § 1308. As Arnold Hechtman explains in his Practice Commentaries to Penal Law § 165.40, "[a]t one time, the only offense defined by former § 1308 was the common law crime of 'receiving' stolen property. Probably because its scope was too narrow, the statute was amended, in 1928 and again in 1943, to penalize *buying, concealing* and *withholding,* as well as *receiving,* of stolen property (§ 1308 [1]) * * * Whatever language may be used, the gravamen of this crime is simply *possession* of stolen property" (Hechtman, Practice Commentaries, McKinney's Cons Laws of NY, Book 39, Penal Law § 165.40, at 241-242).

Thus, the gravamen of the present statute is the *possession*

of stolen property with guilty knowledge. As was true of the common-law crime of receiving stolen property, the particular ownership of the goods is not an element of the crime and the character of the act is not affected in any way by the fact that the property may have belonged to several owners rather than one *(see, People v Smith,* 26 Cal 2d 854, 859, 161 P2d 941, 943, *supra).* The crime for which defendants have been charged consists of one occurrence, that of possession of property at one time, January 3, 1987, at one place, in Monroe County, knowing the property to be stolen, and it makes no difference that the property had been stolen from different owners.

Accordingly, the order appealed from should be reversed, and the indictment reinstated.

DOERR, J. P., PINE and BALIO, JJ., concur with BOOMER, J.; GREEN, J., dissents and votes to affirm for the reasons stated in opinion at Monroe County Court, MARKS, J.

Order reversed, on the law, motion denied and indictment reinstated.