(September 21, 1989)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DONALD MARTIN, Appellant.—Judgment, Supreme Court, New York County (John A.K. Bradley, J.), rendered October 2, 1987, convicting defendant-appellant of two counts of criminal possession of a controlled substance in the third degree, unanimously modified, on the law and the facts, to dismiss one

count of criminal possession of a controlled substance in the third degree, and otherwise affirmed.

The defendant was arrested after two police officers stationed on the rooftops of two buildings on East 13th Street in Manhattan, using binoculars, observed him exchange several red and white glassine envelopes with a man who handed the defendant some money. Before the exchange took place, the officers saw the defendant stash a brown paper bag somewhere near the gas tank of a parked van. The defendant removed the glassine envelopes from the same area where he had placed the bag.

One of the officers radioed another officer on foot patrol in the area, informing him of what had been observed and directed him to arrest the man who had handed the defendant the money. Acting on this information, the officer on patrol arrested Arthur Anderson, who was found in possession of six red glassine envelopes of cocaine and four white glassine envelopes of heroin which were marked with a triple seven insignia.

Defendant was subsequently arrested and $140 in cash was found on his person. A brown paper bag containing five red glassine envelopes of cocaine and 21 glassine envelopes of heroin with the triple seven insignia was recovered from the rear of the van where the officers on the rooftop had instructed the arresting officer to look.

Arthur Anderson, who testified for the defense at trial, denied that he had purchased drugs from the defendant. He also maintained that the officer who arrested the defendant was not among the group of officers who had arrested him. However, on rebuttal, the officer in question asserted that he had arrested Anderson.

The defendant was acquitted of the two counts of criminal sale of a controlled substance, but convicted of two counts of criminal possession of a controlled substance in the third degree. The People concede on appeal that one of the two counts charging the defendant with possession of narcotic drugs must be dismissed. Penal Law § 220.16 (1) does not distinguish between the types of narcotics possessed, but treats all drugs classified as narcotics interchangeably. Thus, there is no basis for multiple counts under this section based on the fact that the narcotics happen to be of different types.

The issue of whether the prosecutor's remarks in summation deprived the defendant of a fair trial has not been preserved for appellate review because no objection was taken

by defense counsel at trial. (CPL 470.05 [2]; *People v Rivera,* 73 NY2d 941, 942 [1989]; *People v Dordal,* 55 NY2d 954, 956 [1982].) However, we note that the prosecutor's attack on the credibility of Anderson as a defense witness does not appear to have swayed the jury inasmuch as the defendant was acquitted of the charge of criminal sale of a controlled substance. Concur—Murphy, P. J., Kassal, Rosenberger, Ellerin and Rubin, JJ.