OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed.
*845 Defendant has been convicted, after a jury trial, of criminal possession of stolen property in the second degree (Penal Law § 165.45 [1]). On this appeal he challenges the first count of the indictment which charges that he and the codefendants knowingly possessed stolen radar detectors belonging to four separate owners which, considered in the aggregate, exceeded $250 in value.* Defendant contends that the count is duplicitous because possession of stolen property belonging to separate owners constitutes discrete offenses committed against each property owner individually and, similar to multiple larcenies, may be charged as a single offense only if the property is possessed in furtherance of a common scheme or plan or received at the same time and place. He contends that because the People do not allege in the indictment or bill of particulars that the four instruments were had as part of a common plan, it was error to aggregate the value of the separately stolen property to charge one count of criminal possession of stolen property in the second degree rather than four separate counts of criminal possession of stolen property in a lesser degree. Supreme Court rejected defendant’s contention and denied his pretrial motion to dismiss the first count and the Appellate Division affirmed relying on its decision in People v Loret (136 AD2d 316). We agree with those courts.
As defendant acknowledges, the indictment does not allege that any one of the stolen instruments is valued in excess of $250 or as such that possession of any single instrument would by itself constitute the offense. Rather it charges that simultaneous possession of all the stolen instruments constitutes the offense because when aggregated their value exceeds $250. Thus, he does not claim, nor could he, that the first count is duplicitous because it subjects him to multiple convictions for criminal possession of stolen property in the second degree for each stolen instrument he possessed, or that he could be convicted for possession of any one instrument should the District Attorney waive prosecution for possession of another (see, People v Klipfel, 160 NY 371; People v James, 98 AD2d 863; see, CPL 200.30 [1]). He claims instead that the offense, by definition, entails possession of stolen property belonging to a single owner and that the People may not aggregate the value of stolen property belonging to four *846 separate individuals in the absence of a common scheme or plan.
Defendant’s argument rests principally upon a narrow interpretation of the statutory phrase "an owner”. Penal Law § 165.45 provides that one is guilty of the offense when he knowingly possesses stolen property "with intent to benefit himself or a person other than an owner thereof or to impede the recovery by an owner thereof’ (Penal Law § 165.45 [emphasis added]). The General Construction Law provides, however, that "[w]ords in the singular number include the plural, and in the plural number include the singular” (General Construction Law § 35). This rule of construction "is applicable to every statute unless its general object, or the context of the language construed, or other provisions of law indicate that a different meaning or application was intended” (General Construction Law § 110). The legislative history and context of the language used in Penal Law § 165.45 demonstrate that the gravamen of the offense is the knowing possession of stolen property and the character of the act is not affected by the fact that the property may have belonged to several owners rather than one (see, People v Loret, supra, at 318-319 [including discussion of legislative history]).
Thus, unlike separate and unrelated thefts from different persons, which cannot be combined to form grand larceny (see, People v Thiel, 26 AD2d 897) unless committed pursuant to a single intent and common plan (see, People v Cox, 286 NY 137; People v Perlstein, 97 AD2d 482, 484), simultaneous possession of stolen property belonging to different persons can be considered one offense and the value of the property aggregated to constitute an aggravated charge of criminal possession of stolen property.
Defendant also contends that the court erred by refusing to instruct the jury on criminal possession of stolen property, third degree, as a lesser included offense. Counsel failed to request such a charge, however, and therefore the claim is unpreserved. Defendant cannot rely on the request of a codefendant to preserve the claimed charge error notwithstanding the recent amendment to CPL 470.05 (2) (L 1986, ch 798) or the agreement of counsel made early at trial that "exceptions” by counsel of one defendant would apply to all codefendants. For tactical reasons codefendants might take different positions on the desirability of various instructions to the jury and each must specify his or her objection to preserve legal error with respect to lesser included offenses.
*847 We have considered defendant’s remaining points and find them without merit.
Chief Judge Wachtler and Judges Simons, Kaye, Titone, Hancock, Jr., and Bellacosa concur; Judge Alexander taking no part.
Order affirmed in a memorandum.

 Penal Law § 165.45 (1) has since been amended to define the crime as criminal possession of stolen property in the fourth degree and increase the required value to $1,000 (see, L 1986, ch 515, § 5).