Michael B. SAUCERMAN,
Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 11A01–9002–PC60.

Court of Appeals of Indiana,
First District.

July 2, 1990.

___

Michael B. Saucerman, Correctional Industrial Complex, Pendleton, pro se.

Linley E. Pearson, Atty. Gen., Danielle Sheff, Deputy Atty. Gen., Office of Atty. Gen., Indianapolis, for appellee-plaintiff.

RATLIFF, Chief Judge.

## STATEMENT OF THE CASE

Michael B. Saucerman (Saucerman) appeals from the denial of his petition for post-conviction relief. We affirm in part, reverse in part, and remand.

## FACTS

On August 5, 1985, Saucerman agreed to plead guilty to Amended Informations, counts 5, 6, and 7 for Receiving Stolen Property[1] in exchange for the State's agreement to dismiss counts for Attempted Murder, Unlawful Deviate Conduct, and Burglary. The State also agreed not to refile a count for Rape and to dismiss charges from another county. Saucerman left the area before his guilty plea hearing.

After Saucerman's return to Indiana, the State filed an amended information for attempted murder. Saucerman then filed a motion to dismiss the counts for unlawful deviate conduct and receiving stolen property. The court granted Saucerman's motion without objection by the State, but granted the State time to file an amended count of unlawful deviate conduct. On February 3, 1986, Saucerman entered into a written plea agreement with the State which agreement was identical to the earlier one. Without objection by Saucerman, the court granted the State's motion to reinstate the charges of receiving stolen property and accepted the plea agreement.

On February 12, 1986, the court sentenced Saucerman, pursuant to the plea agreement, to consecutive terms of imprisonment of four years for count 5, four years for count 6, and two years for count 7. Saucerman filed a *pro se* petition for post-conviction relief on April 25, 1988. The court summarily denied Saucerman's petition, stating there were no genuine is-

1. IND.CODE § 35–43–4–2(b).

sues of material fact and the State was entitled to judgment as a matter of law. Saucerman then filed this appeal. Further facts will be provided as necessary.

### ISSUES

1. Whether the trial court erred by convicting and sentencing Saucerman to multiple counts of receiving stolen property.

2. Whether the trial court erred by reinstating previously dismissed charges of receiving stolen property.

3. Whether Saucerman received ineffective assistance of trial counsel.

### DISCUSSION AND DECISION

*Issue One*

■ Saucerman correctly notes that multiple convictions and sentences violate constitutional prohibitions against double jeopardy. U.S. Const. amend. V; Ind. Const. art. I § 14. Saucerman contends he received all of the items of stolen property involved in the three charges at the same time and place. He contends he, therefore, committed only one offense and the trial court erred in convicting him of and sentencing him for three separate offenses.[2]

The State argues that even though Saucerman received or retained the stolen items at the same time, he had reason to know the items were stolen from distinct sources. The State correctly notes, "The elements of receiving stolen property are: a knowing control over stolen property knowing the property to have been stolen by another with the intent to deprive the owner of the use and benefit of such property." Appellee's Brief at 4–5. *See e.g. Miller v. State* (1968), 250 Ind. 338, 236 N.E.2d 173. Nevertheless, the gravamen of the offense is the defendant's guilty

knowledge. *Pennington v. State* (1984), Ind.App., 459 N.E.2d 764, 766, *trans. denied.* We agree with the statement of the court in *People v. Loret* (1988), 136 A.D.2d 316, 526 N.Y.S.2d 872 that

"the gravamen of the present statute is the *possession* of stolen property with guilty knowledge ... [T]he particular ownership of the goods is not an element of the crime and the character of the act is not affected in any way by the fact that the property may have belonged to several owners rather than one."

*Id.* at 318–19, 526 N.Y.S.2d at 874. (citations omitted) (emphasis in original). We also agree that "'retaining' the stolen property of different individuals is but a single act and must be prosecuted as only one offense if the evidence shows, [ ], that the retention or possession of such stolen property was simultaneous." *State v. Bair* (1983), Utah, 671 P.2d 203, 208; *see also People v. Bauer* (1970), 1 Cal.3d 368, 82 Cal.Rptr. 357, 461 P.2d 637, *cert. denied,* 400 U.S. 927, 91 S.Ct. 190, 27 L.Ed.2d 187; *State v. DiRienzo* (1969), 53 N.J. 360, 251 A.2d 99; *State v. Clark* (1972), 9 Or. App. 530, 497 P.2d 1210; 4 Wharton, *Criminal Law* § 459, at 21 (1981) (when stolen property is received by defendant at same time and place, only one offense of receiving is committed, even if different thieves or owners are involved).

During the guilty plea hearing, the trial court read the amended informations which charged that Saucerman "on or about the 10th day of November A.D., 1983, ... did ... knowingly retain the property of ... which property had been the subject of theft. I.C. 35–43–4–2." Saucerman then told the court in his own words how he had received stolen items from "Frank" all at the same time and place. The court then accepted Saucerman's guilty plea to all

---

**2.** Saucerman analogizes his situation to that of a defendant incorrectly convicted and sentenced for multiple thefts (larcenies) and argues the single larceny rule should be applied to his situation. Under the single larceny rule, when several articles of property are taken at the same time, from the same place, belonging to the same person or several persons, only one larceny has occurred. The rationale for the rule is that the taking of several articles at the

same time from the same place is pursuant to a single intent and design. Thus, only one offense is committed and only one judgment may be rendered and one sentence ordered. *Raines v. State* (1987), Ind., 514 N.E.2d 298, 300. While the analogy is not inappropriate, we find it unnecessary to attempt to analogize or distinguish the theft subsection of I.C. 35–43–4–2 and the receiving stolen property subsection of I.C. 35–43–4–2.

three counts and on February 12, 1986 sentenced Saucerman to separate and consecutive terms of imprisonment on all three convictions. We hold the trial court erred in entering convictions and sentences for Saucerman on all three counts because only one offense was committed.

*Issue Two*

Saucerman contends the trial court erred in permitting the State to reinstate counts 5, 6, and 7 for receiving stolen property, instead of requiring the State to refile informations on those counts. IND.CODE § 35-34-1-1(b) requires that "All prosecutions of crimes shall be instituted by the filing of an information or indictment by the prosecuting attorney, in a court with jurisdiction over the crime charged." IND. CODE § 35-34-1-13(a) requires a trial court to dismiss an information upon the prosecuting attorney's motion. However, I.C. § 35-34-1-13(b) provides that unless a defendant objects to dismissal of an information, the court's grant of a motion to dismiss does not bar a subsequent trial of the defendant on the same offense.

Saucerman relies upon *Niece v. State* (1983), Ind.App., 456 N.E.2d 1081 for support. In *Niece,* the court accepted a plea agreement between Niece and the State whereby the State would dismiss a theft charge in exchange for Niece's guilty plea to forgery. The court then granted the State's motion to dismiss the theft charge. After the State filed a motion to correct errors alleging Niece had fraudulently withheld information about prior felony convictions, the trial court *sua sponte* vacated the guilty plea and reinstated the theft and forgery charges. Citing IND. CODE § 35-3.1-1-1, now IND.CODE § 35-34-1-1, we held the trial court's *sua sponte* action in reinstating the theft count dismissed by the State was erroneous. We then reversed the trial court's order of reinstatement.

The State cites a recent case on this issue, *Epperson v. State* (1988), Ind.App., 530 N.E.2d 743, and attempts to distinguish it, as well as *Niece,* from the facts of the present case. Epperson entered into a plea agreement with the State, agreeing to plead guilty to burglary and theft charges in exchange for the State's dismissal of a criminal recklessness charge. The trial court granted the State's motion for dismissal. However, the State later moved to reinstate the criminal recklessness charge. The court granted the motion. Noting the statutory requirement that a prosecuting attorney file a new information in order to commence an action, we held the trial court had erred in reinstating a charge "which had been dismissed upon the state's motion alone." *Id.* at 746-47.

While the better procedure here would have been for the prosecuting attorney to have refiled counts 5, 6, and 7 for receiving stolen property, we do not find the trial court's reinstatement of the charges to have been reversible error. We find the facts distinguishable from the facts in *Niece* because, unlike Niece and Epperson, Saucerman filed the original motion to dismiss the charges in question. In addition, the trial court here did not *sua sponte* reinstate the charges as the trial court did in *Niece.*

Furthermore, Saucerman invited the court's use of the reinstatement procedure by agreeing to reinstatement of the receiving stolen property charges and by pleading guilty to them in exchange for the State's dismissal of the other charges mentioned. "Where a party voluntarily ... agrees to the manner in which his rights shall be submitted for determination in the trial court, he will not be permitted to complain, on appeal or error, that proceedings had in conformity thereto were erroneous." 5 C.J.S. *Appeal and Error* § 1508 (1958). *See also Pokraka v. Lummus Co.* (1952), 230 Ind. 523, 527, 104 N.E.2d 669, 670-71 (parties must abide by a procedure which they have induced the court to follow.) Put another way, even if it were error for the trial court to have reinstated the charges, Saucerman invited the error and is not entitled to reversal. *See Koppers Co., Inc. v. Inland Steel Co.* (1986), Ind.App., 498 N.E.2d 1247, 1251, *trans. denied* (party who causes or induces a trial court to commit error may not secure reversal on account of that error.) To reiterate, we hold the trial court's reinstatement of counts 5, 6, and 7 was not reversible error.

*Issue Three*

Saucerman contends his trial counsel provided him ineffective assistance by (1) failing to note the charges to which he pleaded guilty were duplicative, (2) failing to inform him the charges had been dismissed previously, and (3) advising him to plead guilty to charges which had been dismissed. Where a petitioner for post-conviction relief pleaded guilty then, in order to establish ineffective assistance of counsel, the petitioner must demonstrate both that counsel's performance was deficient, *Burse v. State* (1987), Ind., 515 N.E.2d 1383, 1385, and "a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Id.* at 1385–86 (quoting *Hill v. Lockhart* (1985), 474 U.S. 52, 59, 106 S.Ct. 366, 370, 88 L.Ed.2d 203, 210.) Our standard of review requires we determine whether a defendant received reasonably effective assistance. *Townsend v. State* (1989), Ind., 533 N.E.2d 1215, 1231, *cert. denied* (1990) — U.S. ——, 110 S.Ct. 1327, 108 L.Ed.2d 502. There is a strong presumption that counsel rendered competent assistance, and strong and convincing evidence must be presented to rebut that presumption. *Burr v. State* (1986), Ind., 492 N.E.2d 306, 308. Isolated poor strategy, inexperience, or bad tactics do not necessarily amount to ineffective assistance of counsel. *Id.*

■ Until the present decision, we had not spoken to the question of when a receipt or retention of stolen property might constitute a single offense instead of multiple offenses. Therefore, we cannot say that Saucerman's counsel rendered deficient performance in failing to question whether counts 5, 6, and 7 were duplicative.

■ The record reflects that Saucerman appeared at the guilty plea hearing, the judge stated he had granted Saucerman's motions to dismiss counts 5, 6, and 7 during a pre-trial conference which had taken place on the previous Thursday, and the court granted the State's motion to reinstate the charges. The court then stated the three counts charged Saucerman with receiving stolen property and the court summarized the terms of the plea agreement. The court also advised Saucerman of his rights and questioned him to ensure his guilty plea was voluntary, knowing, and intelligent. Thus, even if it were true that Saucerman's counsel failed to advise him counts 5, 6, and 7 had been dismissed previously,[3] Saucerman was definitely informed during the guilty plea hearing that the charges had been dismissed and were being reinstated. Therefore, we cannot find a reasonable probability that but for counsel's supposed errors, Saucerman would have insisted on going to trial instead of pleading guilty.

■ The trial court determined Saucerman was voluntarily entering into the plea agreement in exchange for the State's agreement not to pursue additional charges. Furthermore, Saucerman obviously benefitted from such an agreement. As Saucerman was aware counts 5, 6, and 7 had been dismissed and were being reinstated and as we have determined reinstatement was not reversible error, we find Saucerman's counsel did not render ineffective assistance in urging him to plead guilty to previously dismissed charges.

The post-conviction court erred in denying Saucerman's petition entirely. We hold Saucerman erroneously was convicted and sentenced for three offenses when the facts to which he pleaded guilty established he committed but one offense. Therefore, we remand to the trial court to vacate two of the convictions and correct the judgment in accordance with this opinion.

Affirmed as to Issues Two and Three, reversed as to Issue One, and remanded with instructions.

MILLER, P.J., and ROBERTSON, J., concur.

---

3. We are unable to determine that Saucerman's counsel did not inform him of the dismissal of the counts since the post-conviction court did not hold a hearing in which Saucerman or his trial counsel could have presented evidence of the circumstances surrounding the guilty plea.