■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DALE SMITH, Appellant.—Judgment of the Supreme Court, New York County (Richard Lowe, J.), rendered July 12, 1989, convicting defendant, after a jury trial, of two counts of robbery in the second degree, and sentencing him to concurrent, indeterminate terms of imprisonment of 7½ to 15 years, unanimously affirmed.

The evidence against defendant was legally sufficient to support the verdict. (People v Bleakley, 69 NY2d 490, 495.) At the trial, two officers testified that they saw defendant and his accomplice assault their victim and then drive off in a van which the officers had been following for several minutes. One of the officers recovered the victim's wallet and credit cards, which had been thrown from the passenger side of the vehicle, where defendant had been sitting. Contrary to defendant's arguments on appeal, defendant was not merely present during the commission of the crime, but was instead demonstrated to be an active participant.

The court properly declined to give an extensive charge on circumstantial evidence, as the case rested in the main on direct evidence. Defendant's further contentions that the court should not have given a supplemental charge on intent and that the verdict is repugnant are not preserved for appellate review as a matter of law. Defendant cannot rely on his

codefendant's objection to the charge on intent *(People v Buckley,* 75 NY2d 843), and no protest was made that the verdict was repugnant before the court discharged the jury. *(People v Stahl,* 53 NY2d 1048.) Were we to consider these contentions in the interest of justice, we would find them to be without merit. We find no merit to defendant's claim that the trial court abused its discretion in imposing sentence. Concur—Carro, J. P., Rosenberger, Kupferman, Ross and Rubin, JJ.