*981 OPINION OF THE COURT
Frederic S. Berman, J.
If a particular count contained in a multicount indictment charges a defendant with possessing both heroin and cocaine in violation of Penal Law § 220.03 (criminal possession of a controlled substance in the seventh degree), is such count duplicitous and violative of CPL 200.30 (indictment; duplicitous counts prohibited)?
In this case the People filed an indictment which contained the following count:
"the grand jury aforesaid, by this indictment, [ ] accuse the defendant^ Harold Butler,] of the crime of criminal POSSESSION OF A CONTROLLED SUBSTANCE IN THE SEVENTH DEGREE, in violation of Penal Law § 220.03, committed as follows:
"The defendant, in the County of New York, on or about December 14, 1993, knowingly and unlawfully possessed a controlled substance, to wit, heroin and cocaine” (emphasis added).
On June 16, 1994, the defendant, Harold Butler, was brought to trial with respect to this count, a misdemeanor, and for one count of criminal possession of stolen property in the fourth degree, a felony (possession of credit cards).[1] During the trial, the defendant moved for dismissal of the drug charge alleging that it was duplicitous because it accused the defendant of possessing more than one type of a controlled substance. The prosecution opposed the motion by citing People v Martin (153 AD2d 807 [1st Dept 1989]), which deemed valid a single count setting forth a violation of Penal Law § 220.16 (1) (criminal possession of a controlled substance in the third degree), which count charged Martin with possessing cocaine and heroin.
FACTS
On December 14, 1993, at about 2:40 a.m. at 2052 7th Avenue, in New York County, the police arrested the defendant. The police observed the defendant allegedly possessing in his hand a glass pipe which contained crack/ cocaine residue. Additionally, it is claimed that on his person the defendant possessed two pieces of paper and two glossine envelopes, all of which bore heroin.
*982 Subsequently, a Grand Jury charged the defendant with one count of criminal possession of a controlled substance in the seventh degree. This sole count alleged possession of both crack/cocaine and heroin.
LAW
CPL 200.50 (3) and (7), respectively, require that an indictment must contain a discrete count for each crime alleged and " '[a] plain and concise factual statement in each count which * * * asserts facts supporting every element of the offense charged and the defendant’s * * * commission thereof with sufficient precision to clearly apprise the defendant * * * of the conduct which is the subject of the accusation.’ ” (People v Keindl, 68 NY2d 410, 417 [1986], quoting CPL 200.50 [7] [citations omitted].)
CPL 200.30 (1) requires: "Each count of an indictment may charge one offense only.” The aim of this section is to require that each count charge a single offense. (Preiser, Practice Commentaries, McKinney’s Cons Laws of NY, Book 11 A, CPL 200.30, at 437.) A count which alleges more than a single offense is "duplicitous.” (Ibid.; see also, People v Klipfel, 160 NY 371 [1899].) Any count considered to be duplicitous contravenes the CPL and must be dismissed upon a timely motion brought by a defendant. (Preiser, op. cit.)
These Criminal Procedure Law provisions which pertain to indictments guarantee three fundamental notions proclaimed repeatedly in case law. The first encompasses a defendant’s right to have "fair notice of the nature of the charges against him, and of the manner, time and place of the conduct underlying the accusations, so as to enable him to answer to the charges and to prepare an adequate defense.” (People v Keindl, 68 NY2d, supra, at 416 [citations omitted].) The second entails a defendant’s right to be brought to trial by means of an indictment containing allegations with sufficient precision "to enable the defendant, once convicted, to raise the constitutional bar of double jeopardy against subsequent prosecutions for the same offense” (supra [citations omitted]). Third, the requirement for such specificity and the prohibition of duplicity "ensures the reliability of the unanimous verdict.” (Supra, at 418.) As explained by the Court of Appeals in Keindl: "If two or more offenses are alleged in one count, individual jurors might vote to convict a defendant of that count on the basis of different offenses; the defendant would thus stand *983 convicted under that count even though the jury may never have reached a unanimous verdict as to any one of the offenses.” (Supra, at 418 [citations omitted].)
The formula for determining duplicity was promulgated by the Klipfel Court. The test is whether, under a particular count alleged to be duplicitous, a defendant can be convicted of any one of the crimes charged should the District Attorney not prosecute the defendant for the other(s). (People v Klipfel, 160 NY, at 374.) In such case, if a conviction may be obtained, then the count would be duplicitous. (Supra.)
How does the Klipfel edict apply in narcotics possession cases? This court has reviewed two decisions which, at least, indirectly address such application. First, in Martin (supra), upon which the People rely, the Appellate Division, First Department, considered the propriety of a count in an indictment which charged Martin with a violation of Penal Law § 220.16 (1) (criminal possession of a controlled substance in the third degree), i.e., knowing and unlawful possession of a narcotic drug with the intent to sell it. Although not expressly indicated in Martin, ostensibly, the count accused Martin of possessing quantities of both heroin and cocaine. Without any reference to any authority and with no mention of the concept of duplicity, the First Department stated: "Penal Law § 220.16 (1) does not distinguish between the types of narcotics possessed, but treats all drugs classified as narcotics interchangeably. Thus, there is no basis for multiple counts under this section based on the fact that the narcotics happen to be of different types.” (153 AD2d, at 808 [emphasis added].) Such was the complete analysis of this issue in Martin. Although Martin could, at least, be deemed instructive, the court finds this decision inapplicable here because the First Department appears to have limited its ruling only to counts alleging violations of Penal Law § 220.16 (1). The First Department did not extend its ruling to other Penal Law sections outlawing illegal possession of narcotics.
Second, in People v Aiello (153 AD2d 988 [1989]), the Appellate Division, Third Department, indicated that a criminal possession of a controlled substance in the fourth degree count (Penal Law § 220.09 [1]) which charged Aiello with possessing both heroin and cocaine may have been duplicitous. However, the Third Department never reached the issue of duplicity because, by pleading guilty before trial, Aiello waived his right to challenge on appeal any pleading defects including that of duplicity. Also, because of such waiver, the Third *984 Department never considered the merits of Aiello’s contention that the statutory language of Penal Law § 220.09 (1), which requires possession of one eighth of an ounce or more of "a narcotic drug” (at 990), mandates possession of not more than one type of narcotic substance. Since Aiello never truly determined whether the count sub judice was duplicitous, that opinion is, at most, of marginal value to this court.
Although People v Buckley (75 NY2d 843 [1990]) addresses the concept of duplicity not in the narcotics context but with respect to a single count charging criminal possession of stolen property in the second degree, the analysis utilized by the Court of Appeals in that case can be employed to resolve the question before this court. In Buckley, under one count in an indictment, Buckley and others were accused of possessing stolen property (Penal Law § 165.45 [1]) in that they possessed four stolen radar detectors which were owned by four different individuals and whose aggregate value exceeded $250.[2] Buckley was convicted under this count, and, thereafter, on appeal, contended that the count was duplicitous, primarily, because the possession of four stolen radar detectors with each belonging to different owners amounted to four different offenses. The Court of Appeals rejected Buckley’s argument. First, it found that the count was not duplicitous pursuant to the test promulgated in Klipfel (supra). Since none of the four radar detectors individually had a value in excess of $250, the defendant could not have been convicted of criminal possession of stolen property in the second degree predicated on the possession of any one of the four detectors if prosecution for possession of the other three had been waived by the government.[3] Second, the Buckley Court rejected the defendant’s argument that the language of Penal Law § 165.45 (1) required that the stolen property belong to only one owner.[4] *985 Finally, the Court concluded that the statute’s "legislative history and context * * * demonstrate that the gravamen of the offense is the knowing possession of stolen property and the character of the act is not affected by the fact that the property may have belonged to several owners rather than one.” (People v Buckley, 75 NY2d, at 846.)
Of significance here is the last ground. The Court of Appeals regarded the gravamen of criminal possession of stolen property and decided that, as to this crime, although ownership is a required element, ownership is not as material as the knowing possession of stolen property. Moreover, ownership of the property, or how many can claim ownership of property which is the subject of a single count accusing a violation of Penal Law § 165.45 (1) does not affect the character of the act of possessing stolen property. Since the instant charge also involves the possession of contraband, the "gravamen” and "character of the act” test espoused by the Buckley Court may be applicable here.
APPLICATION OF LAW TO FACTS
The defendant is accused of violating Penal Law § 220.03, which states: "A person is guilty of criminal possession of a controlled substance in the seventh degree when he knowingly and unlawfully possesses a controlled substance.” Under Schedules I and II, respectively, of Public Health Law § 3306, heroin and cocaine are controlled substances.
As for the count in controversy, it is duplicitous under the Klipfel formula. The act of illegally possessing cocaine is a discrete violation of Penal Law § 220.03 as is the act of possessing heroin. Plainly, should the People waive prosecution for possession of either the crack/cocaine or the heroin, the defendant could, nevertheless, be convicted of possessing the other under Penal Law § 220.03.
Like the element of knowing possession of stolen property, the knowing and unlawful possession of a controlled substance is the gravamen of criminal possession of a controlled substance in the seventh degree. (See, People v Buckley, supra.) Although the character of knowingly and unlawfully possessing a controlled substance is not affected by whether the substance is heroin or cocaine, the court cannot ignore the *986 fact that the element of "controlled substance” is as essential an element as that of "stolen property.” It is the knowing and unlawful possession of these forbidden items which renders such conduct unlawful. If one were to possess nonstolen property or a noncontrolled substance, one would not be violating the stolen property or drug laws. This court does not find insignificant the element of "controlled substance” as did the Buckley Court with respect to the element of ownership. Consequently, because the instant count is claimed to be duplicitous as to an element that is the very essence of the crime charged, the court must consider whether the language of the count runs afoul of the policy reasons underlying the prohibition of duplicity.
Should the count be submitted to a jury, there is a risk that a conviction under this count would not be unanimous. (See, People v Keindl, supra.) For example, all the jurors could agree unanimously that the defendant violated the statute but not be unanimous as to which drug the defendant allegedly possessed. It is the possibility of this risk arising which has led to the banning of duplicitous counts, and is a risk which this court will not undertake by submitting this count to the jury.
Worse, yet, a jury could find the defendant not guilty of possessing one of the drugs, but convict him of possessing the other. Should such a scenario arise, the defendant would not be able to ascertain which act of possession would be immune from reprosecution under the double jeopardy doctrine. (See, People v Keindl, supra.) As the authorities have cautioned, such a scenario should be avoided by dismissal of the subject count.
To be sure, it can be argued that dismissal of this count would amount to a preference for form over substance. Also, it could be asserted that, should the count survive the motion to dismiss, the defendant would not be precluded from adequately defending himself against a straightforward accusation based on a simple set of facts. However, such contentions overlook the letter and spirit of the Criminal Procedure Law’s rule that each count allege a separate offense and that such counts be plainly, concisely, and precisely pleaded. The nature of the charge and whether a court is inflexibly applying the duplicity doctrine are concerns which are of no moment when a defendant’s ability to answer to the charges lodged against him and to prepare an adequate defense is potentially endangered by a count which is facially duplicitous. (See, People v Keindl, supra.)
*987 Since the court holds that the count on its face is duplicitous, and because its submission to a jury could undermine the reliability of a unanimous verdict and could prevent the defendant from adequately raising a double jeopardy claim should subsequent prosecution for the same offenses alleged in the count transpire, the court is left with no choice save to dismiss the count. (See, Preiser, op. cit.) Should the People seek to resubmit to another Grand Jury two separate counts of Penal Law § 220.03, with one count charging possession of crack/cocaine and the other alleging possession of heroin, or should the People wish to file a criminal court information containing those two charges, they may exercise either option upon an application properly made. (CPL 210.20 [1] [a]; [4]; 210.25 [1].)
CONCLUSION
For the foregoing reasons, the defendant’s motion to dismiss the count sub judice is granted in all respects.

. After trial, the defendant was acquitted of the criminal possession of stolen property in the fourth degree charge.

. Buckley was tried under Penal Law § 165.45 (1) which, at the time of his trial, required that the stolen property in question have a value in excess of $250. After his conviction but before the Court of Appeals affirmed it, this section was recodified as criminal possession of stolen property in the fourth degree and, consequently, the requisite value of the stolen property for this section had been raised from $250 to $1,000. (See, People v Buckley, 75 NY2d, at 845, supra.)

. Indeed, Buckley never contended that the count was duplicitous because, thereunder, he was subjected to multiple convictions of criminal possession of stolen property in the second degree.

. Penal Law § 165.45 (1) provided that stolen property be possessed " 'with intent to benefit himself or a person other than an owner thereof or to impede the recovery by an owner thereof.” (People v Buckley, 75 NY2d, at *985 846, supra [emphasis supplied].) The Court ruled that the General Construction Law allows for the construer of this section to consider the term " 'an owner’ ” in the plural as well as in the singular. (Supra.)