■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FREDDY PICA, Appellant. [742 NYS2d 840] —Judgment, Supreme Court, Bronx County (Phylis Skloot Bamberger, J.), rendered August 24, 2000, convicting defendant, after a jury trial, of criminal possession of a controlled substance in the third degree and criminal possession of a weapon in the fourth degree, and sentencing him, as a second felony offender, to concurrent terms of 5 to 10 years and one year, respectively, unanimously affirmed.

Since the record does not establish that "in response to a protest by a party, the court expressly decided" (CPL 470.05 [2]) the question of whether an amended count of the indictment was duplicitous, that issue is unpreserved and we decline to review it in the interest of justice. Were we to review this claim, we would find that the amended count charging defendant with criminal possession of a controlled substance in the third degree did not charge two distinct crimes under the facts presented, but properly aggregated the weight of all drugs recovered when the search warrant was executed and defendant was arrested (*see, People v Rivera*, 257 AD2d 425, *lv denied* 93 NY2d 901; *People v Martin*, 153 AD2d 807, *lv denied* 74 NY2d 950).

The court properly denied two peremptory challenges of

potential jurors made by defendant after finding that the proffered race-neutral reasons for the challenges were pretextual. The court's determination is supported by the record and is entitled to great deference because the trial court is in the best position to evaluate the credibility of an attorney's assertion that a challenge was not based on race (*see, People v Hernandez*, 75 NY2d 350, 356, *affd* 500 US 352).

Defendant's remaining contentions are unpreserved and we decline to review them in the interest of justice. Were we to review these claims, we would reject them. Concur—Nardelli, J.P., Mazzarelli, Buckley, Sullivan and Marlow, JJ.