■ The People of the State of New York, Respondent, v Kevin Fisher, Appellant. [637 NYS2d 382] —Judgment, Supreme Court, New York County (Edward Sheridan, J.), rendered April 5, 1994, convicting defendant, after a jury trial, of robbery in the first degree and attempted robbery in the second degree and sentencing him, as a second violent felony offender, to concurrent terms of 10 to 20 years and $3^1/2$ to 7 years, respectively, unanimously affirmed.

The trial court properly modified its original *Sandoval* ruling to permit cross-examination of defendant with respect to, *inter alia*, the crimes he committed before 1977, the underlying facts of his earlier robberies, including that to which he pleaded guilty in 1977, the facts about a pending case, and the number of his juvenile adjudications. On direct examination,

defendant testified that he did not commit robberies, that his criminal career began in 1977 when it, in fact, commenced almost 10 years earlier, that he had been involved in a robbery in 1977, and that the District Attorneys had, in the past, charged him for robbery when he had merely conned people. Thus, defendant opened the door to such examination (*People v Fardan*, 82 NY2d 638, 646). We also note that the court had specifically warned him against opening the door in that manner. The prosecutor properly commented on this evidence during summation (*People v Cole*, 216 AD2d 128, 129).

Defendant's assertion that the indictment was duplicitous is unpreserved since he never made a pretrial motion to dismiss the indictment or for a further bill of particulars and did not object to submission of the counts to the jury (*People v Anders*, 192 AD2d 392, *lv denied* 81 NY2d 1069). We decline to review the claim in the interest of justice. Were we to review this claim, we would find that any duplicitousness was alleviated by the manner in which the counts were submitted to the jury, without objection. Concur—Murphy, P. J., Sullivan, Ellerin, Ross and Mazzarelli, JJ.