THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALBERTA ROBINSON, Appellant. [641 NYS2d 1]

Giving due deference to the hearing court's credibility determinations (People v Fonte, 159 AD2d 346, lv denied 76 NY2d 734), the record supports the hearing court's findings that the police lawfully entered the premises after obtaining the consent of an individual with apparent authority to give such consent (see, People v Adams, 53 NY2d 1, 8, cert denied 454 US 854); that, in any event, the police were justified in entering the premises to investigate an emergency situation, reasonably relying on a radio report of a fight or dispute therein possibly involving guns and drugs (People v Mitchell,

39 NY2d 173, 177-178, *cert denied* 426 US 953); that the police acted reasonably in conducting a sweep of the premises to ascertain whether there were any injured or armed persons therein (*see, People v Love*, 204 AD2d 97, *affd* 84 NY2d 917); and that the police, who were lawfully in the premises, properly seized contraband discovered in plain view (*People v Jackson*, 41 NY2d 146, 149-150).

Defendant did not preserve by appropriate objection her current claim that the trial court improperly denied severance (CPL 470.05). In any event, as the core of each defense had no connection with the contraband, there was no irreconcilable conflict that would have required a severance (*see, People v Mahboubian*, 74 NY2d 174, 184).

Viewing the evidence in the light most favorable to the People and giving them the benefit of every reasonable inference, defendant's guilt of each and every element of the crimes charged was proven beyond a reasonable doubt and the verdict was not against the weight of the evidence. The testimony regarding defendant's close proximity in an apartment premises to three loaded handguns, over one thousand vials of crack cocaine, and drug paraphernalia used in the packing of cocaine, combined with defendant's unauthorized presence in the apartment and unsolicited attempt to disassociate herself therefrom, supports the jury's determination that defendant knowingly possessed the contraband.

In this connection, the trial court properly granted the prosecutor's request for a jury charge regarding the presumption of knowing possession of drugs found in open view in a private room by those in close proximity thereto (*People v Hayes*, 175 AD2d 13, 14, *lv denied* 78 NY2d 1011). A fair reading of the charge in question indicates that it conveyed the appropriate legal principles (*supra*).

Defendant's current claim of a *Brady* violation is unpreserved by appropriate objection (CPL 470.05; *People v Anderson*, 205 AD2d 399, *lv denied* 84 NY2d 932). In any event, the trial court properly ruled that the prosecution had complied with the discovery provisions of CPL 240.45 in good faith by timely securing and providing a report regarding the criminal history of a witness called by the People. The trial court also properly ruled, following a hearing, that a subsequent report received by the prosecution was provided at the earliest opportunity and that the information contained in the subsequent report involved an impeachment matter of such limited probative value, that defendant suffered no prejudice by its late delivery. In these circumstances, the trial court appropriately exercised

its discretion in denying defendant's motion for a mistrial (*People v Ortiz*, 54 NY2d 288, 292), and in ruling that a reopening of the case for further cross-examination was not warranted (*People v Sorge*, 301 NY2d 198, 201-202).

Defendant's claims of error in connection with the prosecutor's summation comments are for the most part unpreserved by appropriate and timely objection (CPL 470.05). In any event, the comments in question constitute appropriate response to defense summation comments (*People v Marks*, 6 NY2d 67, *cert denied* 362 US 912), and fair comment on the evidence, presented within the broad bounds of rhetorical comment permissible in closing argument (*People v Galloway*, 54 NY2d 396).

Defendant's current claim that the trial court erred in failing to give a separate jury charge regarding circumstantial evidence is unpreserved by appropriate objection (CPL 470.05; *People v Alexander*, 153 AD2d 507, 509, *affd* 75 NY2d 979). In any event, the evidence was not wholly circumstantial. Further, the evidence taken as a whole did not contain logical gaps and the trial court's instructions that the jury give deliberate and careful consideration to all evidence and not jump to any irrational or impetuous conclusion, combined with explicit instructions regarding credibility determinations and permissible inferences, assured that defendant was not prejudiced by lack of a separate charge regarding circumstantial evidence (*supra*).

The trial court properly excluded from speedy trial calculations the 23 day period challenged by defendant between the People's filing of their statement of readiness on the indictment date, to the next scheduled court date, as there is no indication that the statement was illusory (*cf., People v England*, 84 NY2d 1). As defendant has failed to provide any record controverting the trial court's finding that the 18 day period from July 10, 1992 to July 28, 1992 is excludable as an adjournment granted to the People for preparation of their response to outstanding defense motions, an excludable adjournment under CPL 30.30 (4) (a), appellate review of defendant's claim of error is precluded (*People v Kramer*, 181 AD2d 449, 449-450, *lv denied* 79 NY2d 949). Finally, the trial court properly excluded the 21 day period from the rendering of its oral decision on suppression motions to the next adjournment date, as a reasonable adjournment following decision on potentially dispositive defense motions (*see, People v Ali*, 195 AD2d 368, 369, *lv denied* 82 NY2d 804). Concur—Wallach, J. P., Nardelli, Williams and Mazzarelli, JJ.