■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SAM FORD, Appellant. [654 NYS2d 2] —Judgment, Supreme Court, Bronx County (Gerald Sheindlin, J.), rendered July 12, 1994, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony offender, to a term of 5 to 10 years, unanimously affirmed.

The trial court properly closed the courtroom during the undercover officer's testimony on the basis of his continuing undercover operations in the area of the arrest, and, since defendant's counsel never suggested any reasonable alternatives to closure, the trial court was not required to consider such alternatives (*People v Martinez*, 82 NY2d 436, 445-446). To the extent that *Ayala v Speckard* (89 F3d 91) could be viewed as requiring a contrary result, we decline to follow it (*People v Lugo*, 233 AD2d 197). Although the court ruled that defendant's relatives would be excluded from the courtroom, defendant's present claim that his brother and cousin were improperly excluded is unpreserved and unreviewable, since defendant merely suggested that these relatives might wish to attend, and there is no indication that any relatives ever came to the courtroom (*see, People v Bouche*, 208 AD2d 445, *lv denied* 84 NY2d 1009).

We have considered defendant's *Batson* contention and find it to be unpreserved and without merit (*see, People v Lynn*, 224 AD2d 294, *lv denied* 88 NY2d 881). Concur—Murphy, P. J., Milonas, Rosenberger, Ellerin and Williams, JJ.