■ In the Matter of STATE DIVISION OF HUMAN RIGHTS, Petitioner, v DORIK's AU NATURAL RESTAURANT, INC., et al., Respondents. [657 NYS2d 895] —Determination of the State Division of Human Rights, dated May 26, 1994, which ordered respondents to pay complainant Lisa Cotoggio the sum of $10,000, unanimously confirmed, the petition of enforcement (transferred to this Court by order of the Supreme Court, New York County [Phyllis Gangel-Jacob, J.], entered July 26, 1996) granted, and respondents directed to comply with the aforesaid order, without costs.

The findings of fact on which the order is based are supported by sufficient evidence in the record considered as a whole (*see, Matter of State Div. of Human Rights v APPLES, Inc.*, 169 AD2d 620). Respondents have not controverted petitioner's allegation that they failed to comply with the Deputy Commissioner's order, and they have not indicated that they will comply. Therefore, an enforcement order is warranted (*see, Matter of State Div. of Human Rights v Morette*, 210 AD2d 891). Concur—Rosenberger, J. P., Ellerin, Rubin, Tom and Andrias, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BENIGNO SALAMAN, Appellant. [657 NYS2d 892] —Judgment, Supreme Court, New York County (Edward McLaughlin, J.), rendered October 3, 1994, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree, and sentencing him, as a second felony offender, to concurrent terms of 6 to 12 years, unanimously affirmed.

The verdict was supported by legally sufficient evidence (*People v Bleakley*, 69 NY2d 490). Any minor discrepancies in the testimony by the People's witnesses were properly placed before the jury and we see no basis to disturb its findings.

The trial court properly closed the courtroom during the undercover officer's testimony in view of his ongoing activities at the precise location of the sale in question and his open cases (*see, People v Ford*, 235 AD2d 285).

We perceive no abuse of sentencing discretion. Concur—Rosenberger, J. P., Ellerin, Rubin, Tom and Andrias, JJ.