■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TIMOTHY HENRIQUEZ, Appellant. [668 NYS2d 34] —Judgment, Supreme Court, Bronx County (Gerald Sheindlin, J.), rendered November 21, 1995, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony offender, to a term of 4½ to 9 years, unanimously affirmed.

The trial court properly closed the courtroom during the testimony of an undercover officer, who testified at the *Hinton* hearing that he was currently working as an undercover in the precinct where defendant was arrested, had open cases pending from buy and bust operations that took place in the immediate vicinity of the Bronx County courthouse, near where defendant was arrested, that he took specific safety precautions before entering the courthouse, and that he feared for his safety (*People v Rash*, 238 AD2d 195, *lv denied* 90 NY2d 897; *People v Ford*, 235 AD2d 285, *lv denied* 89 NY2d 1035). Further, since defense counsel never suggested any alternatives to closure, the court was not required to do so (*People v Ayala*, 90 NY2d 490, *cert denied* — US —, 118 S Ct 574).

Defendant's challenge to the court's failure to address the *Dunaway* claim raised in his motion to suppress identification testimony is unpreserved since defendant did nothing to alert the court to the fact that it had overlooked one aspect of his motion, thereby acquiescing in the lack of a ruling (*see, People v Rodriquez*, 50 NY2d 553), and we decline to review in the interest of justice. Were we to review, we would find defendant's allegations insufficient because they did not address the earlier drug transaction with the undercover officer (*People v Williams*, 228 AD2d 268, *lv denied* 88 NY2d 996). Furthermore, defendant's contention that he did not fit the description given by the undercover officer was conclusory (*supra*). Concur—Sullivan, J. P., Ellerin, Nardelli, Rubin and Tom, JJ.