■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DORCAS CONNER, Appellant. [679 NYS2d 369] —Judgment, Supreme Court, Bronx County (Steven Barrett, J.), rendered June 5, 1995, convicting defendant, after a jury trial, of assault in the first degree, and sentencing her to a term of 4 to 12 years, unanimously affirmed.

The hearing court's denial of defendant's request to have the People recall an eyewitness so that defendant could attempt to impeach her credibility by means of a 911 tape, as well as the denial of defendant's request that she be allowed to call the

witness on her direct case solely for the same purpose, were sound exercises of the court's discretion. Defendant obtained the tape long before trial, and the tape's probative value was questionable since it appeared from the circumstances that it was a tape of a 911 call made by a different person (*see, People v Robinson*, 225 AD2d 399, 400). Defendant's application to place the tape in evidence was properly denied because there was no foundation for receipt of the tape on any theory.

The court's *Sandoval* ruling, which allowed inquiry into the underlying facts of two prior misdemeanors, but precluded the prosecutor from inquiring as to two folding knives recovered from defendant upon one of the prior arrests, was an appropriate exercise of discretion.

On the existing record, which defendant has not sought to amplify by way of a CPL 440.10 motion (*see, People v Love*, 57 NY2d 998), we conclude that defendant has failed to establish "the absence of strategic or other legitimate explanations" for counsel's conduct (*People v Rivera*, 71 NY2d 705, 709), including failure to request submission of lesser included offenses (*see, People v Lane*, 60 NY2d 748), or that counsel's purported errors deprived her of a fair trial (*People v Benevento*, 91 NY2d 708). Concur—Lerner, P. J., Wallach, Rubin and Saxe, JJ.