■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN B. WHITFIELD, Appellant. [682 NYS2d 741] —Judgment unanimously affirmed. Memorandum: Defendant appeals from a judgment convicting him of criminal possession of a controlled substance in the third degree (Penal Law § 220.16 [1]) and criminal possession of marihuana in the fifth degree (Penal Law § 221.10 [2]). County Court did not err in allowing the People to offer proof that cocaine was found in two separate locations even though defendant was charged with only one count of possession. The People offered proof that the police retrieved a bag of cocaine that was thrown out a car window during a high-speed police chase and found chunks of cocaine in the carpet on the floor of the car. The court charged the jury that, in order to convict defendant with respect to that count, it had to find that he possessed both the cocaine thrown from the car and the cocaine found in the car. Thus, there was no danger that the jury convicted defendant of an unindicted act or that different jurors convicted defendant based on different acts (*cf., People v McNab,* 167 AD2d 858).

The court's *Sandoval* ruling was not an abuse of discretion (*see, People v Walker,* 83 NY2d 455, 458-459). The court properly denied defendant's suppression motion. There was probable cause for defendant's arrest (*see, People v DiFalco,* 80 NY2d 693, 696-698; *cf., People v Dukes,* 245 AD2d 1052). The record supports the court's conclusion that the cocaine found on the floor of the car was in plain view and thus lawfully viewed by a police investigator who peered inside the car through a window. Once the investigator saw what appeared to be cocaine, he was authorized to enter the car and seize the cocaine (*see, People v Beriguette,* 84 NY2d 978, 980, *rearg denied* 85 NY2d 924).

The court properly denied defendant's request for a missing witness charge with respect to the tow truck operator who towed the car to the Sheriff's impound yard. The court properly determined that the testimony of the tow truck operator would have been cumulative to other evidence (*see, People v Gonzalez,* 68 NY2d 424, 428).

Defendant moved to dismiss the indictment at the close of the People's proof on the ground that there was evidence of two separate acts of possession but only one charge of possession. That motion did not preserve for our review his contention on

appeal that his conviction is not supported by legally sufficient evidence based on inconsistent testimony of prosecution witnesses (*see, People v Gray,* 86 NY2d 10, 19). In any event, upon our review of the record, we conclude that the evidence is legally sufficient to support the conviction and that the verdict is not contrary to the weight of the evidence (*see, People v Bleakley,* 69 NY2d 490, 495). Finally, the sentence is neither unduly harsh nor severe. (Appeal from Judgment of Ontario County Court, Henry, Jr., J.—Criminal Possession Controlled Substance, 3rd Degree.) Present—Pine, J. P., Hayes, Callahan, Balio and Boehm, JJ.