■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ERICK RIVERA, Appellant. [683 NYS2d 513] —Judgment, Supreme Court, New York County (Colleen McMahon, J.), rendered January 10, 1997, convicting defendant, after a nonjury trial, of criminal possession of a controlled substance in the third degree and two counts of criminally using drug paraphernalia in the second degree, and sentencing him to a term of 1 to 3 years concurrent with two terms of 3 months, unanimously affirmed.

Defendant has failed to preserve for appellate review his contention that the indictment was duplicitous. Although his motion papers contained an obscure reference to "duplicitous counts", he did not raise any of the specific contentions now asserted on appeal when he moved to inspect the Grand Jury minutes (see, People v Fisher, 223 AD2d 493, lv denied 88 NY2d 936). Moreover, since he did nothing to alert the court that it had clearly overlooked, rather than implicitly denied,

this aspect of his motion, he acquiesced in the lack of a ruling (*People v Henriquez*, 246 AD2d 427, *lv denied* 91 NY2d 942). We decline to review this claim in the interest of justice. Were we to do so, we would find that the count charging defendant with criminal possession of a controlled substance in the third degree was not duplicitous under the facts presented, since it properly aggregated all the drugs simultaneously found in defendant's constructive possession (*see, People v Martin*, 153 AD2d 807, *lv denied* 74 NY2d 950).

The court properly denied defendant's motion to suppress since the record supports the court's conclusion that the officers' entry into the apartment where defendant was staying was justified by exigent circumstances consisting of the officers' observation of a man with what appeared to be a gun in his waistband running back inside the apartment upon seeing the police, yelling "it's going down" in Spanish as he and another man ran, seeing the lights then go out in the apartment, and hearing large objects being moved around inside and a window being opened (*People v Mitchell*, 39 NY2d 173, *cert denied* 426 US 953; *People v Love*, 204 AD2d 97, *affd* 84 NY2d 917). The officers were thereafter entitled to conduct a sweep of the apartment to ascertain whether any armed person was inside and lawfully recovered evidence found in plain view (*People v Robinson*, 225 AD2d 399, *lv denied* 88 NY2d 884).

The evidence was legally sufficient to establish defendant's guilt of the crimes charged and was not against the weight of the evidence. There was ample evidence from which defendant's possession of the contraband could be reasonably inferred. We see no reason to disturb the court's credibility determinations. Concur—Rosenberger, J. P., Williams, Mazzarelli and Saxe, JJ.