■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE EUSTATE, Appellant. [697 NYS2d 260] —Judgment, Supreme Court, New York County (James Leff, J.), rendered April 18, 1996, convicting defendant, after a jury trial, of criminal possession of a controlled substance in the third degree and criminally using drug paraphernalia in the second degree (two counts), and sentencing him, as a second felony offender, to concurrent terms of 8 to 16 years, 1 year, and 1 year, unanimously affirmed.

The People presented legally sufficient evidence of defendant's guilt of the crimes charged and the verdict was not against the weight of the evidence. The evidence showed that defendant and the codefendant were the sole occupants of apartment 42 when the police arrived and during the five to fifteen minutes required for the police to prepare for execution of the search warrant, thereby permitting a determination that they shared dominion and control of that apartment, which clearly was used to package drugs for sale, and that they constructively possessed its contents (see, *People v Manini*, 79 NY2d 561, 573). Since the key to apartment 34, an unoccupied apartment located immediately below, was found amid the drug paraphernalia in apartment 42, and since the jury heard testimony that a stash of drugs is usually kept at a location separate from the selling location, it was reasonable for the jury to conclude that defendant and the codefendant shared constructive possession of the contents of the second apartment which, the evidence indicated, contained the stash for the drug selling operation conducted out of apartment 42 (*supra*). Further, police observation of contraband being thrown from a window of apartment 42 immediately before defendant and the codefendant left the apartment through another window permitted a reasonable inference that defendant was aware of the nature of the contraband and, in light of the obvious nature of the apartment as a drug factory, the jury reasonably rejected

defendant's postarrest statement that he was there for social purposes.

The court's explanation to the jury of the room presumption contained in Penal Law § 220.25 (2) did not serve to shift the burden of proof. Based on the evidence, the charge when viewed as a whole, adequately conveyed the appropriate legal principles to be applied (*see, People v Ladd*, 89 NY2d 893, 895).

The court responded meaningfully to the jury's question regarding the possible effect of one individual's intent and knowledge upon another individual by rereading its previous, proper instructions regarding accessorial liability, particularly given that the jury did not indicate any dissatisfaction with the court's response (*see, People v Malloy*, 55 NY2d 296, 302-303, *cert denied* 459 US 847).

We reject defendant's current claims of duplicity regarding the charges submitted to the jury. Each count of the indictment properly aggregated all of the drugs and paraphernalia, whether recovered from apartment 42 or apartment 34, since they were recovered simultaneously and related to a single drug operation, allegedly run by defendant and the codefendant out of two linked apartments in the same building (*see, People v Rivera*, 257 AD2d 425, *lv denied* 93 NY2d 901). In the circumstances, the court properly instructed the jury, in response to its note requesting that the court supply specific apartment locations in connection with the physical evidence recovered and the counts submitted, that such factual issues were solely within the province of the jury.

We perceive no abuse of discretion in sentencing.

Defendant's remaining contentions are unpreserved and we decline to review them in the interest of justice. Were we to review these claims, we would reject them. Concur—Sullivan, J. P., Nardelli, Tom, Mazzarelli and Friedman, JJ.