■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WAYNE HAYWOOD, Appellant. [721 NYS2d 8] —Judgment, Supreme Court, Bronx County (Ira Globerman, J.), rendered December 3, 1996, convicting defendant, after a jury trial, of murder in the second degree and conspiracy in the second degree, and sentencing him to concurrent terms of 25 years to life and 8⅓ to 25 years, respectively, unanimously affirmed.

Defendant's suppression motion was properly denied. The court properly determined that the delay in arraignment did not render his statements involuntary or cause defendant's right to counsel to attach automatically (*see, People v Hopkins*, 58 NY2d 1079; *People v Barker*, 168 AD2d 211, *lv denied* 77 NY2d 875). The approximately 20-hour delay between the time of defendant's arrest and his final statement was not extraordinary (*see, People ex rel. Maxian v Brown*, 77 NY2d 422) and was explained by the fact that the police needed to continue the investigation in an effort to unravel the conflicting accounts of what had transpired. Moreover, a considerable period of time was devoted to arranging and conducting lineups. The investigation concerning defendant's participation in the crime was intertwined with that involving the codefendants. The additional delay in arraignment that occurred after defendant made his last statement had no bearing on its voluntariness (*People v Vargas*, 7 NY2d 555, 565-566), and was reasonable in any event.

The People's application pursuant to *Batson v Kentucky* (476 US 79) was properly granted. The court's factual determination that the reasons proffered by defense counsel for challenging the prospective juror in question were pretextual is supported by the record and is entitled to great deference on appeal because a trial court is in a unique position to determine the credibility of an attorney's assertion that a challenge is not race-based (*Hernandez v New York*, 500 US 352, 365).

Defendant was not entitled, under the circumstances, to be present at conferences at which defense counsel exercised peremptory challenges. Counsel frequently left these conferences to confer with his client regarding the challenges. Defendant's absence had no effect on his opportunity to defend in light of the fact that his attorney was only performing the ministerial task of exercising the peremptory challenges to which defendant had agreed (*see, People v Cameron*, 244 AD2d 350, *lv denied* 91 NY2d 940; *cf., People v Velasco*, 77 NY2d 469, 473).

Likewise, defendant was not entitled to be present at the *Batson* proceeding wherein defense counsel proffered reasons for his challenges to prospective jurors (*see, People v Williams*, 199 AD2d 445, *lv denied* 83 NY2d 916). This proceeding did not involve "factual matters about which defendant might have peculiar knowledge" (*People v Dokes*, 79 NY2d 656, 660).

The court properly determined that the evidence challenged by defendant as hearsay was admissible under the coconspirators and the declarations against penal interest exceptions to the hearsay rule (*see, People v Sanders*, 56 NY2d 51; *People v Thomas*, 68 NY2d 194, *cert denied* 480 US 948).

The court properly modified its *Sandoval* ruling to permit questioning into the precluded underlying facts of defendant's weapon possession conviction, including the fact that this conviction arose out of a robbery. Defendant opened the door to such inquiry when, in his direct testimony, he denied his guilt of the weapon charge to which he had pleaded guilty (*see, People v Rodriguez*, 85 NY2d 586; *People v Fardan*, 82 NY2d 638, 646; *People v Fisher*, 223 AD2d 493, *lv denied* 88 NY2d 936).

We perceive no basis for reduction of sentence. Concur—Sullivan, P. J., Nardelli, Williams, Tom and Friedman, JJ.