■ The People of the State of New York, Respondent, v Emilio Roque, Appellant. [723 NYS2d 39] —Judgment, Supreme Court, New York County (Harold Rothwax, J.), rendered March 26, 1997, convicting defendant, after a jury trial, of criminal possession of a controlled substance in the first degree, and sentencing him to a term of 15 years to life, unanimously affirmed.

Defendant's motion to suppress a large sum of money on his person was properly denied. The officers, who were lawfully in the apartment building checking for trespassers, encountered a trespasser whom they knew from prior dealings. The officers arrested him and a search recovered narcotics. As the officers were effecting the arrest, a voice called for the arrestee by name from the floor below, and when the officers descended the stairs, they observed defendant, the only person present, standing just outside an open apartment. When defendant saw the officers, he acted suspiciously, pretended to knock on the door of another apartment and attempted to leave the building. The officers' brief detention of defendant was based on reasonable

suspicion that he was at least a trespasser. The circumstances ripened into probable cause (see, People v Sanchez, 174 AD2d 517, lv denied 79 NY2d 863) when the officers immediately noticed that the apartment had a trail of coffee grounds in the doorway (recognized by the officers as a device to conceal the scent of drugs) and paraphernalia commonly used by narcotics dealers in plain view on a table. A security sweep of the apartment, which defendant does not challenge, revealed a large quantity of cocaine. Moreover, defendant then gave an explanation of his presence in the building that proved false. Thus, prior to the search of defendant's person the officers had, at the very least, probable cause to arrest him for criminal trespass.

The verdict was based on legally sufficient evidence. There is no basis upon which to disturb the jury's determinations concerning credibility. The chain of circumstantial evidence, including evidence similar to that adduced at the hearing as well as other evidence connecting defendant to the apartment, leads to the inescapable conclusion that defendant constructively possessed the narcotics found inside (see, People v Robinson, 225 AD2d 399, lv denied 88 NY2d 884; see also, People v Bundy, 90 NY2d 918).

We have considered and rejected defendant's remaining claims. Concur—Sullivan, P. J., Williams, Andrias, Rubin and Friedman, JJ.