■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BARRY RANDOLPH, Appellant. [741 NYS2d 409] —Judgment, Supreme Court, New York County (Michael Obus, J.), rendered October 16, 1998, convicting defendant, after a jury trial, of criminal possession of a controlled substance in the third degree, and sentencing him, as a second felony offender, to a term of $4\frac{1}{2}$ to 9 years, unanimously affirmed.

The verdict was based on legally sufficient evidence and was not against the weight of the evidence. There is no basis upon which to disturb the jury's determinations concerning credibility. The evidence established that defendant, sharing dominion and control with his codefendant, constructively possessed all of the drugs recovered from what was clearly a drug factory (*see, People v Bundy*, 90 NY2d 918; *People v Eustate*, 265 AD2d 229, *lv denied* 94 NY2d 919). In addition to the constructive possession theory, the statutory presumption (Penal Law § 220.25 [2]) was properly applied to the portion of the drugs that was in plain view. Defendant's claim that the court's charge did not sufficiently distinguish between these two theories, as applicable to the evidence, is unpreserved and we decline to review it in the interest of justice. Were we to review this claim, we would find it to be unsupported by the record.

The court's *Sandoval* ruling balanced the appropriate factors and was a proper exercise of discretion (*see, People v Walker*, 83 NY2d 455, 458-459).

The court properly exercised its discretion in denying defendant's mistrial motion based on his complaint that a comment during the prosecutor's summation, to which the court had sustained an objection, impermissibly shifted the burden of proof. The prosecutor's isolated comment, in context, was responsive to the defense summation and did not refer to defendant's post-arrest silence (*see, People v Overlee*, 236 AD2d 133, *lv denied* 91 NY2d 976; *People v D'Alessandro*, 184 AD2d

114, 118-119, *lv denied* 81 NY2d 884). In any event, in addition to sustaining the objection, the court's charge on the presumption of innocence and burden of proof was sufficient to prevent any prejudice. Concur—Nardelli, J.P., Sullivan, Wallach, Rubin and Friedman, JJ.