People v Battershield (2004 NY Slip Op 50887(U))

[*1]

People v Battershield

2004 NY Slip Op 50887(U)

Decided on August 5, 2004

Supreme Court, Kings County

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on August 5, 2004

Supreme Court, Kings County
THE PEOPLE OF THE STATE OF NEW YORK
against
ROBERTO BATTERSHIELD,
8881/2003

Charles J. Hynes, District Attorney, Brooklyn, NY (Vinoo P. Varghese, of counsel)
Douglas G. Rankin, Law Offices of Douglas G. Rankin & Assoc., PC, Brooklyn, NY

Joel M. Goldberg, J.
This decision concerns the defendant's motion to dismiss the indictment based on purportedly duplicitous counts each charging more than one crime.
By Kings County indictment number 8881/03, the defendant is charged with (1) Criminal Possession of a Controlled Substance in the Second Degree ("two ounces or more"); (2) Criminal Possession of a Controlled Substance in the Third Degree ("narcotic drug with the intent to sell"); (3) Criminal Possession of a Controlled Substance in the Fifth Degree ("controlled substance with intent to sell"); (4) Criminal Possession of a Controlled Substance in the Seventh Degree ("cocaine"); and (5) Criminal Possession of a Controlled Substance in the Fourth Degree ("1/8 ounce or more").
BACKGROUND
These charges were based on the defendant allegedly having been found by the police seated alone in an automobile on December 16, 2003 in which the police observed three tinfoil packages containing cocaine on the floor of the car. A search of the defendant's jacket, which he apparently was wearing, allegedly revealed 31 tinfoil and 11 ziplock bags of cocaine, and a subsequent "inventory search" of the automobile allegedly revealed 94
tinfoils and 10 ziplock bags of cocaine inside the steering column [FN1].
[*2]
The police laboratory did not test the contents of all the packages. Of the 60 tinfoils or bags tested, cocaine was found to be present in each and the total aggregate weight was 2 ounces plus 5 grains. The contents of 100 tinfoils were neither weighed nor tested. The laboratory report did not specify where the items tested were found.
Upon inspecting the Grand Jury minutes, this Court, in an order dated May 25, 2004, directed the People to serve and file by June 8, 2004 a bill of particulars stating which packages apply to each of the five counts in the indictment, stating where those packages were recovered, and which particular "item" of the eight separately noted "items" on the laboratory report corresponds to each count. Because the packages were allegedly found in three distinct locations, i.e., (1) in "plain view" on the floor of the automobile, (2) on the defendant's person, and (3) hidden in the automobile, a finder of fact could conclude at trial that the defendant was in knowing possession of only some but not all of the cocaine. Further, because two of the counts, i.e., Count One and Count Five, were based on the aggregate weight of the substances, it was important for the defendant to know the alleged weight of the cocaine found in each of these locations and not just the total weight, because possession of less than all of the cocaine might affect a verdict on the two counts of possession based on weight.
Because there could very well be a finding at trial that the defendant possessed some but not all of the cocaine, and if particular counts charged possession of cocaine found in different places at different times, those counts could be regarded as charging more than one crime in violation of CPL 200.30 (1) ("duplicitous counts prohibited"). Therefore, this Court in its May 25, 2004 order, raised the issue of duplicitous counts and the order directing the people to file a bill of particulars was intended to deal with this issue.
Frankly, it was this Court's intention in raising the issue of duplicitous counts to prompt the People to solve this potential problem by specifying in their bill of particulars that each count applied to specific quantities. For example, if the People had responded by stating that Count One, "possession of more than two ounces," was based on the theory that the defendant possessed the cocaine found in all three places, that Counts Two, Three, and Five, "possession of 1/8 or more with intent to sell," was based only on the cocaine found on the defendant's person, and that the misdemeanor charged in Count Four, "possession of cocaine," was based only on the cocaine found on the floor of the automobile, the duplicity issue would have been on resolved, because at trial the jury could have been given a choice as to whether the defendant possessed one, two, or all three quantities of cocaine. Although the above example does not cover all possible combinations, the most logical combinations would have been covered. It is unlikely for example, that the defendant was in knowing possession of the hidden cocaine but not the cocaine found on his person, or that he had an intent to sell only the cocaine on the floor of the automobile.
However, the People did not follow this course in their response, (which was filed over one-month late). By a letter dated July 8, 2004 and filed July 14, 2004 (after promising in open court on June 22, 2004 that their response would be filed "by the end of the day"), the People stated that "each charge in the indictment refers to all the narcotics recovered." The People's [*3]response did not include any reference to the weight of any of the items recovered or any cross-reference to the items noted in the laboratory report to indicate specifically where those items were recovered, including the 100 tinfoils whose contents were neither weighed nor tested.
THE MOTION
By a motion dated July 19, 2004, the defendant moved for an order dismissing the indictment on the ground that each count charges more than one crime in violation of CPL 200.30 and to suppress evidence of the search and a statement made by the defendant. The People filed a timely response on August 2, 2004. In view of the decision herein, only the dismissal motion need be discussed.
DISCUSSION
CPL 200.30 (1) states that "each count of an indictment may charge one offense only." Where more than one crime is charged in a count the count is said to be "duplicitous." CPL 210.20 (1) (a) states that an indictment or any count thereof may be dismissed if it is "defective" within the meaning of CPL 210.25. In turn, CPL 210.25 (1) states that an indictment is "defective" if it does not substantially conform to the requirements of CPL Article 200, which includes the prohibition against duplicitous counts.
As noted in McKinney's Practice Commentary to CPL 200.30 (Book 11A, 1993, p. 438), there are two basic reasons underlying the proscription against duplicitous counts. The first is that if more than one offense is encompassed in a single count, the defendant's ability to defend is impaired, because the indictment would not apprise the defendant of "the exact nature of the case" to be proved. People v. Klipfel, 160 NY 371 (1899). As noted in the Practice Commentary, "this rationale is somewhat obsolete," in view of the availability of a bill of particulars and modern discovery procedures.
In this case, the Court directed the People to supply a bill of particulars and the People did so, informing the defendant that each count applied to all the narcotics recovered by the police. However, the Court also ordered the People to inform the defendant as to which items in the laboratory report corresponded to each of the three locations where the drugs were found and, to date, the People have not complied with that order nor have they explained their failure to do so. On oral argument of this motion on August 2, 2004, the People indicated that the police put "all of the drugs on one voucher," which may mean that after the drug packages were counted by the police they were co-mingled so that the recovery locations of each package now cannot be determined. This may also mean that the total weight of the drugs recovered in each location cannot be determined. Nevertheless, for whatever reason, the People have not informed the defendant of the weight of the drugs allegedly recovered in each location. Because two of the five counts relate to the aggregate weight of the drugs, and the People have not informed the defendant where these drugs were found, the defendant has been deprived of an opportunity to consider a defense related to possessing less than the total aggregate weight of all the drugs. Indeed, the top charge is based on the laboratory report's assertion that the total weight is a mere five grains over the two-ounce threshold.
Therefore, the People's failure to inform the defense of the weight of the drugs found in each of the three locations, under the circumstances of this case, has triggered a prejudicial result [*4]sought to be avoided by the prohibition against duplicitous counts, i.e., an impairment of the ability to defend against the charges.
The People are certainly entitled to charge the defendant with possession of all of the drugs and aggregate their total weight to elevate the seriousness of the crime. This is a single crime and may also be charged in one count as it is charged in Count One of this indictment. The defendant, may also be charged with possession of the entire amount with intent to sell (some or all of it) in a single count, because the amount intended to be sold is not an element. However, the defendant is entitled to present an alternative point of view in that he may argue at trial that the evidence shows he possessed some but not all of the drugs, particularly given the facts of this case where a relatively small quantity was on the floor of the automobile, a second quantity was on his person, and the third quantity was hidden from view in the steering column. By not indicting the defendant with additional counts charging an alternative theory that the drugs in each location were separately possessed, the defendant is deprived of his right to argue to the jury that the defendant may have been in knowing possession of some, but not all of the narcotics.
CPL 300.50 (1), (2), and (3) collectively state that in submitting a count of an indictment to the jury, the Court must upon defense request submit in the alternative a lesser included offense only where there is a reasonable view of the evidence which would support a finding that the defendant committed the lesser offense but did not commit the greater, regardless of whether the lesser included offense is specifically charged in another count of the indictment. By not separately charging the possession of narcotics in each of the three locations and stating in their bill of particulars that all three locations are included in each count, the People have deprived the defendant of the opportunity to have the jury consider lesser included offenses at trial. For lesser included offenses to be considered, each count of the indictment would have to be subdivided into additional crimes corresponding to each location, thereby resulting in each count charging more than one crime.
If each count were not subdivided so that the jury could render separate verdicts as to the drugs found in each location, a verdict of guilty on a particular count would not necessarily mean that the jury unanimously agreed that the defendant knowingly possessed particular narcotics. This is the second reason noted in the Practice Commentaries for requiring that each count of an indictment charge only one crime. See People v. Keindl, 68 NY2d 410, 418 (1986).
Although the People may argue that it is their prerogative to select a theory for prosecution, the People do not have the right to charge more than one crime in each count of an indictment so as to deprive a defendant of his statutory right to have a trial jury consider lesser included offenses.
The People's theory would have a trial jury take an "all-or-nothing" approach, finding that if the defendant did not possess all three quantities of the narcotics embraced in each count, they must find the defendant not guilty of that count. While this approach may seem to be beneficial to the defendant and place a greater burden on the People, we must be mindful of the possibility that a jury might unanimously believe the defendant to have been in knowing possession only some of the narcotics, for example, only those found on his person, and have a reasonable doubt as to the narcotics found in the automobile. Under such circumstances, those jurors might be unwilling to acquit the defendant of all charges and, therefore, those jurors may vote to convict [*5]the defendant of possessing everything. In this case, where the top charge is based on weight slightly over the statutory limit, this scenario would result in the possibility of a life sentence under the class A-II felony charged in Count One.
Recently, in People v. La Valle, __NY3d__ (June 24, 2004), 2004 WL 1402516, 2004 NY Slip Op 05484, the Court of Appeals expressed a similar concern in the context of the deadlock jury charge in CPL 400.27 (10) to be given in death penalty cases. In that charge, jurors are told that if they fail to reach a unanimous decision on either a sentence of death or life without parole, the defendant will be given a life sentence with eligibility for parole release. This language prompted the Court of Appeals to declare New York's death penalty statute unconstitutional. The majority opinion in LaValle reasoned that some jurors who might prefer a sentence of life without parole would, nevertheless, vote for the death penalty rather than see the defendant receive a parole-eligible sentence if they continued to disagree with those jurors who favored a sentence of death.
Protecting the defendant against such a "compromised conviction" is the defendant's statutory right under CPL 300.50 to have lesser included offenses considered in appropriate cases. Because jurors may vote to convict rather than totally acquit a defendant who they believe is actually guilty of a lesser crime, the failure to charge a lesser included offense where appropriate upon request of the defendant is reversible error. It is for this reason that the People are not entitled to confine the defendant at trial to their "all-or-nothing" theory of the case where there is a reasonable view of the evidence that the defendant did not possess two ounces or more of the cocaine.
The People's "all-or-nothing" approach is even more tenuous given the possibility that due to the apparent co-mingling of the narcotics and the failure to test all of the recovered items, the People might not be able to establish that the narcotics found on the person of the defendant even amounted to felony weight. Therefore, unless more effort is put into the case at the police laboratory, it may be that charging possession of all the narcotics in a single count may be the only way the People can establish possession of felony weight.
As noted in the Practice Commentary, although there may be devices to cure the "evils of duplicity," a duplicitous count violates the CPL and must be dismissed if a timely motion to do so is made. In this case, the defendant has done just that.
The People's reliance on People v. Whitfield, 255 AD2d 924 (4th Dept.1998) and People v. Eustate, 265 AD2d 229 (1st Dept.1999) is misplaced, because neither of those cases involved a motion to dismiss an indictment for duplicity. In Whitfield, a bag of cocaine was thrown from an automobile, and additional cocaine was later recovered from the floor of the automobile. One count of possession with intent to sell was submitted to the jury with instructions that to convict the jury had to find the defendant possessed both quantities. No mention was made of a pre-trial motion to dismiss for duplicity. The jury charge in Whitfield is an example of a device that can be used to overcome the "evil" of a duplicitous indictment. Whitfield does not stand for the proposition that a count of an indictment charging possession of two quantities of narcotics found in different locations can withstand a timely motion to dismiss for duplicity in the absence of other counts in the indictment charging separate possession of each quantity.
The People also cite People v. Eustate, 265 AD2d 229 (1st Dept.1999), another case involving a jury charge of possession of narcotics alleged in one count but recovered at two [*6]different locations. Further, under the particular circumstances of Eustate, where there was clearly a drug factory being run from two apartments, the court found there was no real issue, unlike the situation in this case, that the jury would conclude that the defendant possessed the narcotics found at one location but not the other.
The court in Eustate, cited it own prior case, People v. Rivera, 257 AD2d 425, 426 (1st Dept.1999), which stated in dicta that a count charging the defendant with "constructive possession" of various quantities of narcotics "simultaneously" found by the police was not duplicitous.
In neither Eustate nor Rivera was there a conviction based on the total weight of the narcotics, and, therefore, neither court had to decide whether the defendant was deprived of an opportunity to have the jury consider a lesser included offense based on possession of a lesser weight than charged in the single count. In contrast, by aggregating the weight of the three quantities of narcotics recovered in this case and eliminating the option of the jury to consider a reasonable and less culpable alternative, the People have wrongfully combined multiple crimes in one count in violation of CPL 200.30.
Accordingly, based on the People's bill of particulars and their failure to specify where the particular narcotics noted in the laboratory report were found, the indictment is dismissed as duplicitous.
In accordance with CPL 210.20 (4), the People are authorized to resubmit the charges to a Grand Jury, and the defendant's bail is continued.
SO ORDERED
JOEL M. GOLDBERG
 Judge

Footnotes

Footnote 1: The issue of whether there was a valid "inventory search" is not before the Court on this motion. Nevertheless, in asserting that the cocaine in the steering column was found pursuant to an "inventory search", the People appear, at best, to be under a misapprehension that the New York City Police Department has a valid policy, set forth in a officially established procedure, to search steering columns of impounded automobiles in order "to protect the property of the defendant, to protect the police against any claim of lost property, and to protect police personnel and others from any dangerous instruments." People v. Johnson, 1 NY3d 252, 256 (2003). If the purpose of the "inventory search" was to gather incriminating evidence, it would be invalid. See also, People v. Galak, 80 NY2d 715, 719 (1993).
If, instead, the People do not believe this was a valid inventory search, they should not be mischaracterizing it as such in their motion papers. It is deliberately misleading and, in this Court's opinion, violates their quasi-judicial obligation to be fair to the defendant and candid with the Court.