■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE GARCIA, Appellant. [815 NYS2d 25]—

Judgment, Supreme Court, New York County (Edward J. McLaughlin, J.), rendered February 18, 2004, convicting defendant, upon his plea of guilty, of criminal possession of a controlled substance in the second degree, and sentencing him to a term of three years to life, unanimously affirmed.

The court properly denied defendant's suppression motion. There is no basis for disturbing the court's credibility determinations, which are supported by the record (*see People v Prochilo*, 41 NY2d 759, 761 [1977]). When the police responded to a violent dispute among a group of men at the open door of an apartment and, from the common hallway, observed a man inside with a gun in plain view, exigent circumstances justified the officers' entry. After arresting the armed man inside the apartment, the officers saw defendant disappear into a room. They were thus entitled to conduct a protective sweep of the apartment to look for defendant or other potentially armed and dangerous persons, and lawfully recovered contraband in open view, some of which they saw defendant attempting to hide (*see People v Rivera*, 257 AD2d 425 [1999], *lv denied* 93 NY2d 901 [1999]).

Defendant's guilty plea waived his statutory speedy trial claim (*People v O'Brien*, 56 NY2d 1009 [1982]).

Defendant is not entitled, pursuant to the amelioration doctrine of *People v Behlog* (74 NY2d 237 [1989]), to the benefit of the reduced penalty contained in the Drug Law Reform Act (L 2004, ch 738), because the Legislature has expressly stated that the provision upon which defendant relies applies only to crimes committed after its effective date (*People v Nelson*, 21 AD3d 861 [2005]). Concur—Buckley, P.J., Friedman, Marlow, Nardelli and McGuire, JJ.