(May 23, 2013)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAMON FREEMAN, Appellant. [965 NYS2d 127]—

Judgment, Supreme Court, New York County (Robert M. Stolz, J.), rendered November 9, 2011, convicting defendant, after a jury trial, of criminal possession of a controlled substance in the third degree (two counts), criminal possession of a controlled substance in the fifth degree, criminally using drug paraphernalia (four counts), tampering with physical evidence, attempted tampering with physical evidence and possession of marijuana, and sentencing him, as a second felony drug offender whose prior felony conviction was a violent felony, to an aggregate term of 10 years, unanimously affirmed.

The court properly denied defendant's motion to controvert the two search warrants that led to recovery of drugs and paraphernalia from defendant's apartment on separate occasions. Each warrant was supported by probable cause (*see generally People v Castillo*, 80 NY2d 578, 585 [1992], *cert denied* 507 US 1033 [1993]; *People v Griminger*, 71 NY2d 635, 639-640 [1988]).

The first search warrant was validly issued, since the details of six controlled buys made by a confidential informant, either in or near defendant's apartment, over a period of months demonstrated that defendant's narcotics business was an ongoing, continuous enterprise with a nexus to his apartment. Accordingly, there was probable cause to believe that a search of the apartment would result in evidence of drug activity (*see People v Gramson*, 50 AD3d 294 [1st Dept 2008], *lv denied* 11 NY3d 832 [2008]). The second search warrant was likewise valid, as it included information on the drugs, drug paraphernalia and cash recovered in executing the first warrant, as well as the details

of two additional buys made by the informant, in the vicinity of defendant's apartment, where he saw defendant either emerge from or enter his apartment.

The information was not stale, since the affidavit for each warrant described recent drug sales in the vicinity of the apartment. Although the only sales that occurred in the apartment itself took place in the earlier phase of the investigation, several months before the warrant applications, it was reasonable, given the ongoing drug enterprise, for the court to find probable cause to believe that drugs would be found in the apartment in each instance.

Based on our review of the minutes of the hearing conducted pursuant to *People v Darden* (34 NY2d 177 [1974]), we find no basis for suppression. Defendant's remaining suppression arguments are unpreserved and we decline to review them in the interest of justice. As an alternative holding, we also reject them on the merits.

The verdict was not against the weight of the evidence (*see People v Danielson*, 9 NY3d 342, 348-349 [2007]). Defendant argues that the quantity of drugs recovered in each of the two searches was too small to establish his intent to sell those particular drugs. However, in each instance there was extensive evidence of intent to sell, including the presence of scales, small plastic bags, razors and other drug paraphernalia indicating that defendant was packaging drugs for sale, the presence of large amounts of cash, and evidence from which it could be inferred that upon the execution of each warrant defendant destroyed or attempted to destroy additional drugs by swallowing them or flushing them down a toilet.

Defendant's claim that the new attorney who represented him at sentencing was insufficiently prepared to advocate for a more lenient sentence is unreviewable on direct appeal because it involves matters outside the record (*see People v Carver*, 234 AD2d 164, 165 [1st Dept 1996], *lv denied* 89 NY2d 1010 [1997]). On the existing record, to the extent it permits review, we find that defendant received effective assistance at sentencing under the state and federal standards (*see People v Benevento*, 91 NY2d 708, 713-714 [1998]; *see also Strickland v Washington*, 466 US 668 [1984]).

We perceive no basis for reducing the sentence. Concur— Gonzalez, P.J., Friedman, Moskowitz and Feinman, JJ.