People v Tripathy (2020 NY Slip Op 05693)





People v Tripathy


2020 NY Slip Op 05693


Decided on October 13, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 13, 2020

Before: Gische, J.P., Singh, Kennedy, Mendez, JJ. 


Ind No. 2720/16 Appeal No. 12050 Case No. 2018-02997 

[*1]The People of the State of New York, Respondent,
v
Sanjay Tripathy, Defendant-Appellant.


Law Office of Arnold J. Levine, Kew Gardens (Arnold J. Levine of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Luis Morales of counsel), for respondent.



Judgment, Supreme Court, New York County (Edwina Richardson-Mendelson, J. at suppression hearing; Michael J. Obus, J. at Brady motion; Erika M. Edwards, J. at jury trial and sentencing), rendered July 11, 2018, convicting defendant of criminal sexual act in the first degree, sexual abuse in the first degree, assault in the second degree, strangulation in the second degree, and unlawful imprisonment in the second degree, and sentencing him to an aggregate term of 7 years, unanimously affirmed.
Defendant abandoned, or failed to preserve, his claim that upon granting his motion to suppress various items of his property recovered from his hotel room, the hearing court should have also suppressed the victim's purse on the same grounds. Defendant failed to alert the court that it had plainly overlooked, and failed to rule upon, that part of his motion, and there was no implicit denial of suppression under the circumstances (see e.g. People v Rivera, 257 AD2d 425, 425-26 [1st Dept 1999], lv denied 93 NY2d 901 [1999]; see also People v Graves, 85 NY2d 1024, 1027 [1995]). We decline to review this claim in the interest of justice. As an alternative holding, we find that any error was harmless (see People v Crimmins, 36 NY2d 230 [1975]).
The trial court providently exercised its discretion in admitting the victim's prior consistent statements to a detective and a doctor to rebut a defense claim of recent fabrication (see People v McClean, 69 NY2d 426, 430 [1987]; People v Baker, 23 NY2d 307, 322-323 [1968]). In any event, any error was also harmless.
Defendant's claim under Brady v Maryland (373 US 83 [1963]) is unavailing. Based on our in camera review of sealed materials, we find that the motion court providently exercised its discretion when, after its own in camera review, it denied disclosure of messages between the victim and men uninvolved in this case, using the same dating website through which the victim and defendant met. These messages were not material, because they were generally cumulative of evidence presented at trial such as messages between the victim and defendant, and there is no reasonable possibility that disclosure of this evidence would have changed the verdict (see People v Giuca, 33 NY3d 462, 476-77 [2019]). Moreover, the messages had little probative value and implicated the Rape Shield Law (CPL 60.42). Similarly, the trial court properly applied the Rape Shield Law in limiting defendant's related cross-examination of the victim.
Although we find that the People improperly cross-examined defendant about his failure to mention certain matters on direct examination, we find the error to be harmless as well.
Defendant did not preserve any of his remaining claims, including those relating to the People's introduction of an excited utterance, their midtrial conference with the victim, their summation arguments, and their alleged impeachment of defendant by silence, and we decline to review them in the interest of justice. As an alternative holding, we find no basis for reversal. To the extent there were improprieties, they were likewise harmless.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 13, 2020