People v Lauriano (2020 NY Slip Op 07509)





People v Lauriano


2020 NY Slip Op 07509


Decided on December 15, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 15, 2020

Before: Renwick, J.P., Gische, González, Scarpulla, Mendez, JJ. 


Ind No. 3056/13 Appeal No. 12626 Case No. 2016-1934 

[*1]The People of the State of New York, Respondent,
v
George Lauriano, Defendant-Appellant.


Janet E. Sabel, The Legal Aid Society, New York (William Carney of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Ellen Stanfield Friedman of counsel), for respondent.



Judgment, Supreme Court, New York County (Thomas Farber, J.), rendered January 12, 2016, convicting defendant, after a jury trial, of criminal possession of a controlled substance in the third degree and two counts of criminal use of drug paraphernalia in the second degree, and sentencing him, as a second felony drug offender, to an aggregate term of two years, unanimously affirmed.
Defendant's legal sufficiency claim is unpreserved and we decline to review it in the interest of justice. As an alternative holding, we reject it on the merits. We also find that the verdict was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]). In addition to drugs found on defendant's person, the evidence supported the conclusion that defendant exercised dominion and control over all of the contraband found by the police in the room where defendant was arrested, although he resided in the apartment with several relatives (see People v Roque, 99 NY2d 50, 54 [2002]). There was ample evidence to support a circumstantial inference that this was defendant's bedroom, and that he knowingly possessed contraband found in several locations therein. The evidence also supported the inference that defendant intended to sell the drugs on his person and in the apartment. The inference of intent to sell was supported by defendant's contemporaneous possession of 150 small plastic bags commonly used as drug packaging, as well as a scale and specially made spoon commonly used by drug sellers (see People v Freeman, 106 AD3d 590, 591 [1st Dept 2013], lv denied 21 NY3d 1073 [2013]).
The court correctly denied defendant's motion to dismiss, as duplicitous, the count of possession with intent to sell. Under the particular facts of this case, this count of the indictment properly aggregated all of the drugs found on defendant's person and in his apartment as a single possession of drugs with intent to sell (see People v Keindl, 68 NY2d 410 [1986]; People v Eustate, 265 AD2d 229, 230 [1st Dept 1999], lv denied 94 NY2d 919 [2000]; People v Rivera, 257 AD2d 425, 426 [1st Dept 1999], lv denied 93 NY2d 901 [1999]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 15, 2020