People v Holmes (2022 NY Slip Op 00951)





People v Holmes


2022 NY Slip Op 00951


Decided on February 10, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 10, 2022

Before: Gische, J.P., Kern, Moulton, Kennedy, Rodriguez, JJ. 


Ind No. 5745/07 Appeal No. 15281 Case No. 2018-03170 

[*1]The People of the State of New York, Respondent,
v
Marvin Holmes, Defendant-Appellant.


Feldman & Feldman, Manhasset (Steven A. Feldman of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Samuel Z. Goldfine of counsel), for respondent.



Order, Supreme Court, New York County (Mark Dwyer, J.), entered on or about August 15, 2018, which denied defendant's CPL 440.10 motion to vacate a judgment of conviction, rendered June 18, 2008, as amended July 16, 2008, unanimously affirmed.
The Supreme Court properly denied defendant's CPL 440.10 motion without a hearing. Despite an opportunity to do so, defendant failed to alert the court that it did not rule on his claim of actual innocence, raised in his initial motion. Accordingly, that claim is unpreserved (see e.g. People v Henriquez, 246 AD2d 427 [1st Dept 1998], lv denied 91 NY2d 942 [1998]), and we decline to review it in the interest of justice. As an alternative holding, we reject this branch of the motion on the merits. The factors defendant cites do not amount to clear and convincing evidence of his innocence (People v Velazquez, 143 AD3d 126, 136 [1st Dept 2016], lv denied 28 NY3d 1189 [2017]). At defendant's trial in 2008, where he was convicted of murder and other charges, the jury rejected his claim that the actual killer was the victim's ex-wife (who was defendant's girlfriend), and that defendant falsely confessed to the crime in order to protect his girlfriend. In support of the same claim, defendant now cites several pieces of information having relatively little significance and falling far short of undermining the overwhelming evidence of guilt introduced at the trial, which included defendant's confession, an eyewitness identification, testimony that the victim addressed defendant by his first name during the fatal encounter, and evidence that defendant called the victim's niece to apologize for the crime.
The court properly rejected the branch of the motion claiming that the People violated their obligations under Brady v Maryland (373 US 83 [1963]) by failing to disclose favorable impeachment material regarding the detective who took defendant's statement. The material at issue consisted of two judicial decisions in which it appears that this detective obtained statements from suspects in violation of either the right to counsel or the right to preinterrogation warnings; neither decision contains a finding that the detective gave false testimony. Assuming, without deciding, that these decisions constituted impeachment material that the People were required to disclose, they were not material to the defense (see e.g. People v Fuentes, 12 NY3d 259 [2009]). There is no reasonable possibility that evidence of the detective's conduct in the two prior cases would have led to a different outcome. Defendant does not dispute that he validly waived his Miranda rights, as administered by a different detective, before being questioned by the detective who took the statement. Moreover, defendant's primary claim at trial was that he confessed to protect his girlfriend, not that officers coerced a confession. In addition, as previously summarized, there was ample evidence of defendant's guilt other than the confession.
The court [*2]also properly rejected defendant's Brady claim involving incidents of domestic violence, two years before the homicide, between the victim and his ex-wife, who, as noted, was defendant's girlfriend. While this evidence, although remote, was favorable to the defense in that it tended to show that the victim's ex-wife had a motive to shoot him, the People did not suppress it. The ex-wife's complaints against the victim were disclosed as part of the People's Rosario obligation, and she stated in an affidavit submitted by the People that, during her relationship with defendant, she had told him about the criminal cases involving her and the victim. Because defendant knew about that evidence, the People did not suppress it (see People v LaValle, 3 NY3d 88, 110 [2004]). To the extent the victim's underlying arrest records were not disclosed, they were not material in light of the previously discussed evidence of defendant's guilt, because there was no reasonable possibility that the undisclosed records would have changed the result of the trial (see Fuentes, 12 NY3d at 263).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 10, 2022