People v Herrera (2024 NY Slip Op 00388)

People v Herrera

2024 NY Slip Op 00388

Decided on January 30, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 30, 2024

Before: Singh, J.P., Kapnick, Kennedy, Higgitt, Michael, JJ. 

Ind. No. 949/15 Appeal No. 1566 Case No. 2017-2154 

[*1]The People of the State of New York, Respondent,
v
Ramon Herrera, Defendant-Appellant.

Caprice R. Jenerson, Office of Appellate Defender, New York (Gwendolyn Parrish of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Max Bernstein of counsel), for respondent.

Judgment, Supreme Court, New York County (Robert M. Mandelbaum, J.), rendered July 18, 2016, convicting defendant, after a jury trial, of criminal possession of a controlled substance in the third degree, criminally using drug paraphernalia in the second degree (three counts), and unlawful possession of marijuana, and sentencing him to five years' probation on the controlled substance possession count, time served on each of the drug paraphernalia counts, and a fine of $5 on the marijuana possession count, unanimously modified, on the facts, to the extent of vacating the drug paraphernalia conviction under count four of the indictment and dismissing that count, and otherwise affirmed.
The verdict convicting defendant of second-degree criminal use of drug paraphernalia under count two of the indictment, based on defendant's possession of a dilutant, was supported by legally sufficient evidence (see People v Delamota, 18 NY3d 107, 113 [2011]). The evidence established that the non-narcotic white powdery substance recovered from defendant's living room, in close proximity to numerous other drug paraphernalia typically used in the preparation or packaging of drugs, was a dilutant that was intended to be used as a cutting agent in the preparation of narcotic drugs (see Penal Law § 220.50[1]). The People were not required to prove that the substance was any specific dilutant in particular, as the exact substance being used was not essential to establish defendant's guilt of the crime charged (see People v Rooney, 57 NY2d 822, 823 [1982]). The People's failure to prove what the substance was did not change the theory of the case as charged, and did not deprive defendant of his right to fair notice of the claims against him (see generally People v Grega, 72 NY2d 489 [1988]).
As to the drug paraphernalia conviction under count four of the indictment, based on defendant's possession of four digital scales, viewed in the light most favorable to the prosecution (see Delamota, 18 NY3d at 113), the fact that the scales were found near the other drug paraphernalia and had a white powdery residue on them provided legally sufficient evidence of defendant's intent to use them in the manufacturing, packaging, and dispensing of narcotic drugs (see Penal Law § 220.50[3]). Nevertheless, the verdict was against the weight of the evidence, in view of the proof establishing that the scales were inoperable and the absence of any evidence explaining the reason for their inoperability (see People v Danielson, 9 NY3d 342, 348-349 [2007]). The jury was not justified in finding, beyond a reasonable doubt, that defendant intended to use the inoperable scales to weigh and package narcotics at the time they were recovered.
The verdict convicting defendant of third-degree criminal possession of a controlled substance was not against the weight of the evidence (see Danielson, 9 NY3d at 348-349). Even without the scales, the other drug paraphernalia found in defendant's apartment [*2]included a large number of Ziploc bags, some of which contained cocaine or unknown white powder; a metal strainer with white residue; and the bottle of powdery substance that the jury found to be a dilutant. Additionally, a substantial sum of cash was taken from defendant's person. These items provided ample evidence of defendant's intent to sell the cocaine recovered, notwithstanding the small quantity of the drug found and defendant's claim that it was for personal use (see Penal Law § 220.16[1]; People v Freeman, 106 AD3d 590, 591 [1st Dept 2013], lv denied 21 NY3d 1073 [2013]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 30, 2024